IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JENNIFER KAPPLER, | : | |
| Plaintiff, | : | Civil Action No. C-1-01-630 |
| vs. | : | Judge Spiegel |
| GIVAUDAN FLAVORS CO. | : | |
| Defendant. | : | |

### MOTION OF DEFENDANT GIVAUDAN FLAVORS CORP. TO BIFURCATE LIABILITY AND DAMAGES PORTIONS OF TRIAL

Pursuant to Federal Rule of Civil Procedure 42(b) Defendant hereby moves for an Order bifurcating the above-captioned case, set for trial on September 9, 2003 so that the liability portion of the case will be heard and decided by the jury prior to the receipt into evidence of testimony or evidence relating to damages. The grounds for this Motion are set forth in the attached Memorandum in Support.

Respectfully submitted,

Robin E. Harvey, Trial Attorney (0014183)
Jeffery L. VanWay (0069175)
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202
(513) 929-3400

Attorneys for Defendant
Givaudan Flavors Corp

## **MEMORANDUM IN SUPPORT**

The Court should bifurcate the instant trial into two separate hearings: the first, on whether Defendant is liable to Plaintiff for age discrimination, sex discrimination, retaliation and/or intentional infliction of emotional distress; and the second on whether Plaintiff is entitled to damages, including punitive damages, if Defendant is liable. The same jury could hear both matters, even with the bifurcation.

It is fully within the sound discretion of this Court to bifurcate the trial as requested. Gafford v. General Electric Co., 997 F.2d 150, 171 (6th Cir. 1993) (granting motion to bifurcate liability and damages in employment discrimination case); Fed. R. Civ. P. 42(b) ("the Court, in furtherance of convenience or to avoid prejudice . . . may order a separate trial . . . of any separate issue . . . always preserving inviolate the right of trial by jury. . .").

"Bifurcation of issues of liability from those relating to damages is an obvious application of Rule 42(b)." Hines v. Joy Mgf. Co., 850 F.2d 1146, 1152 (6th Cir. 1988). Further, in an earlier case, the Sixth Circuit also wrote:

> Here Appellant contends that she was prejudiced by the fact that the jury was unable to consider evidence respecting her injuries in making its findings on the question of liability. Such consideration of evidence not related to the question of liability appears to be a type of prejudice which is to be avoided by separating the issues of liability and damages under Rule 42(b).

Crummett v. Corbin, 475 F.2d 816, 817 (6th Cir. 1973). See also Helmenski v. Ayerst Lab., 766 F.2d 208, 212 (6th Cir. 1985) (bifurcation of damages and liability proper, even if after commencement of trial, where damages testimony is prejudicial).

The Sixth Circuit has recognized that bifurcation is appropriate "when the evidence pertinent to [liability and damages] is wholly unrelated and the evidence related to the damages issue could have a prejudicial impact upon the jury's liability determination." Helminski, 766

F.2d at 212. Here, bifurcation will prevent undue prejudice during the jury's consideration of whether Defendant is liable because prejudice will likely result from the introduction of evidence relating to Defendant's financial condition, and confusion will likely result from the introduction of evidence relating to Plaintiff's alleged damages. Plaintiff contends that her damages include lost pension, and intends to introduce evidence of pension formulas, life expectancies, and other such complex calculations. Any such evidence is not at all relevant to the issue of liability and is best saved until the jury first reaches a finding as to liability. See Hines, 850 F.2d at 1152 (granting motion to bifurcate where "the evidence related to the two issues is unrelated"). See also Vadakin v. Int'l Brotherhood of Boilermakers, 748 F. Supp. 550 (S.D. Ohio 1990) (bifurcating liability and damages); Thomas v. Allen-Stone Boxes, Inc., 925 F. Supp. 1316 (W.D. Tenn. 1995) (bifurcating liability and punitive damages in employment discrimination case); Buscemi v. Pepsico, Inc., 736 F. Supp. 1267 (S.D. N.Y. 1990) (bifurcating liability and damages in employment discrimination case).

In sum, granting this Motion will serve to crystallize for the jury both the liability and damages portions of the trial so that the jury's deliberations are free from confusion and prejudice. In addition, if, as is likely, no liability is found, then time and money of all concerned, including the Court, will be reduced; if not, no harm will be suffered.

For all of the foregoing reasons, Givaudan respectfully requests that the Court Order that this trial be bifurcated.

Respectfully submitted,

_____
Robin E. Harvey, Trial Attorney (0014183)
Jeffery L. VanWay (0069175)
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202-4074
(513) 929-3400

Attorneys for Defendant
Givaudan Flavors Corp

### CERTIFICATE OF SERVICE

This shall certify that a true copy of the foregoing was served upon David Torchia, Tobias, Kraus & Torchia, Attorney for Plaintiff, 911 Mercantile Library Building, 414 Walnut, Cincinnati, Ohio 45202, by hand-delivery on this 2 day of September, 2003.

_____
Jeff VanWay

4