IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JENNIFER KAPPLER,                              :

        Plaintiff,                             :      Civil Action No. C-1-01-630

    vs.                                        :

GIVAUDAN FLAVORS CORP.                         :      Judge Spiegel

        Defendant.                             :

## DEFENDANT'S MOTION IN LIMINE
## TO EXCLUDE PLAINTIFF'S EXPERT WITNESSES.

Now comes Defendant Givaudan Flavors Corp. ("Givaudan") and files its Motion in

Limine to Exclude Plaintiff's expert witnesses.  The bases for this Motion are set forth in the

attached Memorandum in Support.

                                    Respectfully submitted,


                                    _____
                                    Robin E. Harvey, Trial Attorney (0014183)
                                    Jeffery L. VanWay (0069175)
                                    BAKER & HOSTETLER LLP
                                    312 Walnut Street, Suite 3200
                                    Cincinnati, Ohio 45202
                                    (513) 929-3400

                                    Attorneys for Defendant

## MEMORANDUM IN SUPPORT

**I.    Background**

Plaintiff intends to call two expert witnesses to testify at the trial of this matter. The first expert is Duease Johnson, a social worker who will testify that she diagnosed and treated Plaintiff as suffering from post-traumatic stress disorder ("PTSD"). (See Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, p. 35; Pl. dep., p. 422). Plaintiff's second expert is her family doctor, Douglas Moody. Since Plaintiff has failed to produce Dr. Moody's records, has refused to sign a release allowing Defendant to obtain said records, and has failed to produce an expert report in compliance with Federal Rule of Civil Procedure 26(a)(2), it is not known what testimony Dr. Moody will provide. As explained in more detail below, both social worker Johnson and Dr. Moody should be excluded from testifying as expert witnesses.

**II.    Plaintiff's Experts Should Be Excluded Because Plaintiff Has Failed to Produce Expert Reports As Required By Rule 26(a)(2).**

Rule 26(a)(2)(B) requires that an expert report be produced that includes the following information:

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. Pro. 26(a)(2)(B).

Plaintiff has completely failed to comply with this rule because she has not produced an expert report for either social worker Johnson or Dr. Moody. Plaintiff insists that she is not

required to comply with these requirements because social worker Johnson and Dr. Moody are "treating physicians." Plaintiff's argument is not well-taken. As this Court plainly recognized at the Final Pretrial Conference, social worker Johnson is not a physician and her status as an "expert" is questionable at best. Furthermore, as explained in more detail below, Ms. Johnson intends to testify as to her diagnosis of Plaintiff as suffering from PTSD, a diagnosis that she, as a social worker, is certainly not qualified to make, and a diagnosis that is not supported by any scientific authority. (See infra). In order to give these opinions, and testify as an expert, social worker Johnson must produce an expert report. (See Carter v. Scripps, Case No. C-1-00-977, June 17, 2003 Order) (holding that physician can only testify as an expert if a report is provided in compliance with Rule 26(a)(2)(B)) (copy attached as Exhibit A). Because she has not done so here, she cannot be called as an expert witness.

Similarly, Dr. Moody cannot be called as an expert because Plaintiff has failed to produce an expert report from Dr. Moody. Moreover, Dr. Moody should not be allowed to testify in any capacity because Plaintiff has failed to produce her medical records from Dr. Moody and has refused to sign a medical release allowing Defendant to obtain Plaintiff's records. Accordingly, Dr. Moody should be excluded from testifying at trial.

**III.    Social Worker Johnson Should Also Be Excluded From Testifying Because Her Diagnosis Is Not Supported By Any Scientific Authority And Will Not Be Helpful to the Jury.**

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. Under this Rule, such testimony is admissible only if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." The court is required to make "a preliminary inquiry as to whether the reasoning or methodology underlying the [expert's] testimony is scientifically valid," Conwood Co. L.P. v. U.S. Tobacco Co., 290 F.3d 768, 792 (6th Cir. 2002),

3

and must "ensure the reliability and relevancy" of the testimony.  Kumho Tire v. Carmichael, 526 U.S. 137, 152 (1999).

Social worker Johnson intends to testify that she diagnosed Plaintiff as suffering from PTSD and then treated her for this condition.  This testimony is improper for two reasons.  First, the testimony is not relevant to this case and will not be helpful to the jury in its determination of whether Defendant caused Plaintiff to suffer from emotional distress.  According to Ms. Johnson's records, she diagnosed Plaintiff as suffering from PTSD **before** Plaintiff ever consulted her about the problems she allegedly experienced while working at Givaudan.  Plaintiff first consulted Ms. Johnson in December 1998 for emotional problems that Plaintiff was experiencing as a result of the physical and mental abuse inflicted upon her by her mother.  At that time, Ms. Johnson reached the opinion that Plaintiff suffered from PTSD.  (See Defendant's Exhibit U, p. 1).  This diagnosis had absolutely nothing to do with the retaliation and discrimination Plaintiff alleges in this case because it was made **before** Plaintiff ever spoke to Ms. Johnson about her work environment.

Because Ms. Johnson's diagnosis is based on events that had nothing to do with Givaudan, her testimony as to her diagnosis and treatment will not be helpful to the jury.  Indeed, it is likely to confuse and mislead the jury into thinking that Plaintiff's PTSD is related to her experiences at Givaudan.  Plaintiff has previously attempted to persuade this Court that her pre-existing PTSD is related to her employment at Givaudan, (see Plaintiff's Memorandum, p. 35), and apparently intends to continue this misleading strategy at trial.

Second, social worker Johnson's testimony is improper because any attempt to link Plaintiff's PTSD to Givaudan is not supported by any scientific authority.  Under the DSM IV diagnostic text, an individual can only be diagnosed as suffering from PTSD if "the person

experienced, witnessed, or was confronted with an event or events that involved actual or threatened death or serious injury, or a threat to the physical integrity of self or others." (DSM-IV-TR, p. 463, attached as Exhibit B). Examples of such traumatic events include "military combat, violent personal assault (sexual assault, physical attack, robbery, mugging), being kidnapped, being taken hostage, terrorist attack, torture, incarceration as a prisoner of war or in a concentration camp, natural or manmade disasters, severe automobile accidents, or being diagnosed with a life-threatening illness." Id. From Ms. Johnson's notes and Plaintiff's testimony, it is apparent that the only physically traumatic events that Plaintiff experienced were at the hands of her abusive mother. (Defendant's Exhibit U; Pl. dep., pp. 416-19). It is these events that Ms. Johnson relied upon for her PTSD diagnosis. None of Plaintiff's allegations in this case involve physical contact. (Pl. dep., p. 441). Rather, she claims that she was ostracized and ignored.

In a similar case, Judge Beckwith of the Southern District excluded the report and testimony of a social worker whose PTSD diagnosis was based upon physical events other than those at issue before the court. See Neely v. Miller Brewing Co, Case No. C-1-98-356 (Feb. 3, 2003 Order) (attached as Exhibit C). The Court reasoned that "[the expert's] testimony that Plaintiff suffers, or has suffered, from post-traumatic stress disorder may be in accordance with the text, but the causes for that disorder appear to be, in large measure, other than race discrimination and retaliation." Id. at 13. In holding that the testimony did not meet the requirements of Rule 702, the Court noted that "the expert's testimony or implication that the actions by Defendant of which Plaintiff complains caused Plaintiff's PTSD would be inaccurate, causing the jury to be confused and misled." Id. at 14-15.

Here, as in <u>Neely</u>, the only basis for the PTSD diagnosis is events that have nothing to do with Plaintiff's allegations. Therefore, because Ms. Johnson's diagnosis will not be helpful to the jury, but rather will cause the jury to be confused and misled, Ms. Johnson should be excluded from testifying at the trial of this matter.

**IV.    Conclusion.**

For all the aforementioned reasons, Plaintiff's experts should be excluded from testifying at the trial of this matter.

Respectfully submitted,

Robin E. Harvey, Trial Attorney (0014183)
Jeffery L. VanWay (0069175)
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202
(513) 929-3400

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

This shall certify that a true copy of the foregoing was served upon David Torchia, Tobias, Kraus & Torchia, Attorney for Plaintiff, 911 Mercantile Library Building, 414 Walnut, Cincinnati, Ohio 45202, by hand-delivery on this 4 day of September, 2003.

Jeff VanWay