IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JENNIFER KAPPLER, | : | |
| Plaintiff, | : | Civil Action No. C-1-01-630 |
| vs. | : | |
| GIVAUDAN FLAVORS CO. | : | Judge Spiegel |
| Defendant. | : | |

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING THE EEOC FILINGS

Now comes Defendant Givaudan Flavors Co. ("Givaudan") and files its Motion in Limine to Exclude Evidence Regarding the EEOC Filings. Specifically, Defendant moves to exclude Plaintiff's Charge of Discrimination filed with the Equal Employment Opportunity Commission (Plaintiff's Exhibit 67), and the position statement submitted to the EEOC by Givaudan's outside counsel (Plaintiff's Exhibit 89). As set forth in more detail in the attached Memorandum in Support, these documents should be excluded because (1) they are not relevant; and (2) their probative value, if any, is substantially outweighed by the danger of confusing the issues and/or misleading the jury.

Respectfully submitted,

*/s/ Robin E. Harvey*

Robin E. Harvey, Trial Attorney (0014183)
Jeffery L. VanWay (0069175)
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202-4074
(513) 929-3400
rharvey@bakerlaw.com
jvanway@bakerlaw.com

Attorneys for Defendant

**MEMORANDUM IN SUPPORT**

**I.    INTRODUCTION**

Shortly after Plaintiff resigned from Givaudan, she filed a Charge of Discrimination ("Charge") against Givaudan with the Equal Employment Opportunity Commission ("EEOC") alleging sex, age, and retaliation discrimination, as well as a violation of the Equal Pay Act. On June 21, 2001, the EEOC issued a finding of no probable cause for this Charge. (See No Probable Cause Determination, attached as Exhibit A). Plaintiff now seeks to introduce the Charge (but not the no probable cause determination) as evidence in the trial of Plaintiff's discrimination, retaliation and intentional infliction of emotional distress claims. (See Plaintiff's Exhibit 67). In addition, Plaintiff intends to introduce the position statement written and filed with the EEOC by the Company's outside counsel. (See Plaintiff's Exhibit 89). Givaudan hereby requests that this Court prohibit Plaintiff from introducing these materials because (1) they are irrelevant; and (2) their probative value, if any, is substantially outweighed by the danger of confusing the issues and/or misleading the jury.

**II.    LAW AND ARGUMENT**

The Federal Rules of Evidence define what evidence is admissible at trial. Rule 402 of the Federal Rules of Evidence provides that "[e]vidence which is not relevant is not admissible." Additionally, Rule 403 states that even relevant evidence is not admissible "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or of misleading the jury . . .." Relying on Rules 402 and 403, courts have concluded that plaintiffs may testify about charges of discrimination they have filed with the EEOC or an equivalent state agency, but that charges of discrimination are to be excluded because they are irrelevant in civil causes of action. See, e.g., Harris v. Secretary, U.S. Dep't of the Army, 119 F.3d 1313, 1322 (8th Cir. 1997); Churney v. Village of Downers Grove, 122 F. Supp. 2d 921, 922 (N.D. Ill. 2000).

For example, in Harris, the trial court excluded the plaintiff's charge of discrimination, reasoning that because the plaintiff "would be allowed to testify about filing her charges of discrimination, the actual documentation need not be admitted." Id. at 1322. The appellate court agreed and affirmed the ruling of the trial court. Id.

Similarly, in Neely v. Miller, Case No. C-1-98-356 (S.D. Ohio June 6, 2003) (copy attached as Exhibit B), Judge Beckwith of the Southern District excluded the plaintiff's charges of discrimination on the basis that the potential for prejudice was greater than the probative value of the charges. The Court noted that "[a] jury is unlikely to understand the distinction between statements made to an administrative agency and those made under oath in court . . . ." Id. at 3. See also Churney v. Village of Downers Grove, 122 F. Supp. 2d 921, 922 (N.D. Ill. 2000) (excluding charge and reasoning that "the only relevant aspect of the 1994 charge of discrimination is the fact that it was filed," and, as a result, that "is the only evidence that should be admitted").

Although Plaintiff may testify during the upcoming trial about the fact that she filed a Charge of Discrimination with the EEOC, Plaintiff's testimony renders the Charge itself irrelevant and precludes its admittance into evidence. See Harris v. Secretary, U.S. Dep't of the Army, 119 F.3d 1313, 1322 (8th Cir. 1997); Churney v. Village of Downers Grove, 122 F. Supp. 2d 921, 922 (N.D. Ill. 2000). It is significant to note that Plaintiff's Charge does not form the basis of her retaliation claim against Givaudan. In fact, Plaintiff did not file her Charge until after she quit her job at Givaudan. The protected activity that Plaintiff alleges in support of her retaliation claim is an earlier complaint to Givaudan's human resources department. Thus, the Charge is not relevant to Plaintiff's retaliation claim and should be excluded.

Additionally, even if Plaintiff's Charge were relevant under the Federal Rules of

Evidence, it should still be excluded from trial because any probative value it has is substantially outweighed by the danger that it would confuse the issues and/or mislead the jury. <u>See</u> Fed. R. Evid. 403. An examination of Plaintiff's Charge reveals that it is much broader than the issues going to trial in the instant action, and therefore may confuse the issues and/or mislead the jury as to the issues presented at trial. Specifically, Plaintiff's Charge contains an allegation of an Equal Pay Act violation. However, there is not an Equal Pay Act allegation in this case. (<u>See</u> Revised Final Pretrial Order, pp. 2-3; Amended Complaint). Therefore, admitting the Charge into evidence may confuse the issues and/or mislead the jury as to what is being tried in the instant case.

In addition, the mere admission of the Charge, without the no probable cause determination, does not tell the whole story in this case and therefore further risks misleading the jury. Plaintiff has conveniently omitted the EEOC's no probable cause determination from her exhibit list. By introducing only the Charge, an official government document charging Givaudan with discrimination, jurors may be misled as to the outcome of the EEOC's investigation and may leap to the conclusion that the Charge indicates that Givaudan was found to have discriminated against Plaintiff. This is clearly not the case, as the no probable cause determination indicates just the opposite. Therefore, for this additional reason, the Charge should be excluded.[1]

Likewise, the Court should reject Plaintiff's attempt to introduce the EEOC position statement that was prepared and filed by the Company's outside counsel in December 1999. Because the charge was broader than the allegations in this case, the position statement includes responses to allegations that are not at issue in this case. Thus, it would be confusing and

---

[1] In the alternative, if the Court admits Plaintiff's Charge, then Plaintiff should be required to also admit the EEOC's no probable cause determination.

4

misleading to put this information before the jury.

Plaintiff's theory is that the position statement is evidence of pretext, claiming that the position statement gives a different reason for the Company's decision not to promote Plaintiff than that given by the Company's decisionmaker, Dave Poole. The position statement in question was written before the parties engaged in discovery and before the facts in this case were fully developed. Significantly, the position statement was written by outside counsel, and not by the decisionmaker, Mr. Poole, and there is no evidence that Mr. Poole reviewed the position statement before it was submitted to the EEOC. Thus, there can be no inconsistency on Mr. Poole's part.

Furthermore, Plaintiff is incorrect when she asserts that the position statement is inconsistent with Mr. Poole's testimony. Mr. Poole testified that Plaintiff was never a candidate for the position because she was not in his department. (Poole dep., p. 25; Poole Affidavit, ¶¶9, 13, Exhibit B of Defendant's Motion for Summary Judgment). Likewise, in the position statement, the Company's outside counsel stated that "Charging Party was not a candidate for the manager position." (Plaintiff's Exhibit 89, p. 10). Because this statement is consistent with Mr. Poole's testimony, the position statement does not reflect pretext on behalf of the Company or Mr. Poole.

The position statement then goes on to compare Plaintiff's background to the background of Karin Tassos, the individual selected for the position. As part of this comparison, the position statement describes Ms. Tassos' experience, stating that she gained managerial experience by managing outside contractors involved in a cabling project. Again, there is no evidence that this statement is untrue or is inconsistent with Mr. Poole's testimony. Significantly, the position statement does not state that Mr. Poole made any comparisons between Plaintiff's background

5

and Ms. Tassos' background. In fact, consistent with Mr. Poole's testimony, it implies that no such comparison was made because Plaintiff was never a candidate for the position. (Id. at 10).

Therefore, because the position statement is not relevant and does not constitute evidence of pretext, it should be excluded.

## III. CONCLUSION

For the foregoing reasons, Givaudan respectfully requests that the Court grant its Motion in Limine and exclude evidence of the EEOC filings from trial.

Respectfully submitted,

_____
Robert E. Harvey, Trial Attorney (0014183)
Jeffery L. VanWay (0069175)
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202
(513) 929-3400

Attorneys for Defendant
Givaudan Flavors Corp

## CERTIFICATE OF SERVICE

This shall certify that a true copy of the foregoing was served upon David Torchia, Tobias, Kraus & Torchia, Attorney for Plaintiff, 911 Mercantile Library Building, 414 Walnut, Cincinnati, Ohio 45202, by hand-delivery on this 4th day of September, 2003.

_____
Jeff VanWay