Kappler v. Givaudan Flavors
1:01-CV-630
Defendant's Motion In Limine
re: EEOC Filings

**Exhibit B**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

03 JUN -6 PM 2:06

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

| | |
|---|---|
| Theresa Neely, | ) |
| Plaintiff, | ) Case No. C-1-98-356 |
| vs. | ) |
| Miller Brewing Company, et al., | ) |
| Defendants. | ) |

Order

This matter is scheduled for trial on June 9, 2003, and is presently before the Court upon six pretrial motions by Defendant Miller Brewing Company. One of those motions, to bifurcate the liability and punitive damages portions of the trial (Doc. 84) is unopposed and is hereby **GRANTED** in order to avoid the possibility of prejudice arising from the presentation of evidence related only to the punitive damages issue during the liability phase of the trial. See Helminski v. Ayerst Laboratory, 766 F.2d 208, 212 (6th Cir.), cert. denied, 474 U.S. 981 (1985).

The remaining five motions are motions in limine. The Court is unable to resolve one of those motions, the motion to exclude evidence or testimony concerning allegations of discrimination or harassment of other employees (Doc. 86) absent additional explanation of the pertinent evidence. Accordingly,

103

the Court will conduct a hearing with respect to that motion after jury selection is completed on June 9. The Court's rulings with respect to the other four motions in limine are set forth herein. The Court reminds counsel and the parties that these rulings are tentative and subject to change as evidence is presented. Accordingly, a party may seek reconsideration of any of these rulings during the course of the trial.

1. Defendant's motion in limine to exclude evidence of probable cause determinations of the Ohio Civil Rights Commission and Plaintiff's charges of discrimination (Doc. 83)

In this case, the Ohio Civil Rights Commission ("OCRC") issued a probable cause determination with respect to certain of Plaintiff's charges under Title VII, 42 U.S.C. §§ 2000e, et seq. Defendant seeks an order excluding evidence of that determination and of Plaintiff's charges of discrimination to the OCRC. The admission of such evidence is committed to the sound discretion of the trial court, and the trial court does not abuse that discretion by excluding such evidence when the potential for prejudice resulting from its introduction outweighs its probative value. See Williams v. Nashville Network, 132 F.3d 1123, 1129 (6th Cir. 1997).

In this case, the Court is persuaded that the potential for prejudice resulting from the introduction of the OCRC's probable cause determination is substantial. That determination

includes summaries of allegations and charges together with the determination of probable cause. It is clearly based upon largely untested allegations and statements that were not subject to cross-examination when made. A jury is unlikely to understand the distinction between statements made to an administrative agency and those made under oath in court and may fail to distinguish between a probable cause determination and a finding of discrimination, all to the prejudice of Defendant. Because the OCRC has not found that Plaintiff's charges are true, its determination is of very little probative value. Indeed, the Court is persuaded that its potential to cause prejudice is far greater than its probative value. Exclusion may be proper even when the potential for prejudice is very small; it is clearly appropriate when the potential for prejudice outweighs the probative value of the evidence. See Williams, supra. Accordingly, the Court **GRANTS** Defendant's motion (Doc. 83).

2. Defendant's motion in limine to exclude evidence of retaliation not included in the initial complaint in this matter (Doc. 85)

In January of 2000, this Court granted Plaintiff leave to amend her complaint to assert a claim of retaliation based upon an alleged failure of a co-worker to relieve her for breaks after she filed claims of discrimination against Defendant. That claim was embodied in a May 1999 OCRC charge. When the Court

made its ruling permitting the assertion of the claim in this action, the discovery deadline had passed. Defendant did not conduct discovery regarding the retaliation claim, and the parties settled this action.

After the Court of Appeals remanded this action and effectively set aside the parties' settlement, the Court permitted the parties to conduct additional discovery. Defendant did not seek leave to conduct discovery regarding the retaliation claim and, apparently, did not conduct any.

The retaliation claim was first asserted upon the issuance of this Court's January 4, 2000, Memorandum and Order and has not been dismissed. While Defendant could not have conducted discovery with respect to the claim during the brief period that this action was pending before this Court between the issuance of that Memorandum and Order and the settlement of the action, Defendant could have conducted discovery with respect to the claim during the post-remand discovery period and could have requested leave to do so at any other time between the March 1, 2002, remand of this action and this date. Having failed to do so, Defendant may not secure the effective dismissal of the claim on the basis of its own failure. For that reason, Defendant's motion (Doc. 85) is **DENIED**.

3. Defendant's motion *in limine* to exclude a report prepared by Franklin Covey in 1998

In 1998, after most of the events giving rise to Plaintiff's claims in this matter occurred, Defendant commissioned a study by the Franklin Covey organization. Consultants working for Franklin Covey interviewed employees at Miller Brewing Company's Trenton plant in order to determine whether the team concept of management used there was effective. The report produced by Franklin Covey included quotes from unidentified employees and summaries of the opinions of employees. The summaries do not associate specific comments to specific teams within the Trenton plant. Moreover, the quotations and summaries that suggest that prejudice exists within the plant and that diversity is not given adequate attention are very general and, in fact, not specifically race-related.

Defendant moves to exclude the Franklin Covey report on the ground that the risk of prejudice resulting from its introduction outweighs any probative value it may have. The Court agrees.

The report is so general as to be of no probative value with respect to Plaintiff's specific claims. See Lang v. Kansas City Power & Light Co., 199 F.R.D. 640, 653-54 (W.D. Mo. 2001). As evidence, it would be cumulative, at best, and, at worst,

prejudicial and unhelpful to the jury. The Court is particularly concerned about the lack of attribution of the quotes included, leaving Defendant without any opportunity to cross-examine the speakers and leaving the jury without any opportunity to gain elucidation. For those reasons, Defendant's motion to exclude the report (Doc. 87) is hereby **GRANTED**.

4. Defendant's motion <u>in limine</u> to exclude evidence of transitional light duty assignments made after September 1996

Defendant seeks an order excluding evidence that Caucasian members of Plaintiff's team may have been assigned to transitional light duty work while recovering from injuries after Plaintiff returned to work in September 1996. Plaintiff contends that the evidence is relevant to her discrimination claim inasmuch as it demonstrates that Defendant accommodated Caucasian employees while refusing to accommodate her.

Defendant acknowledges that the information might be relevant if the decision makers had been the same. <u>See</u> <u>Pierce v. Commonwealth Life Ins. Co.</u>, 40 F.3d 796, 802 (6th Cir. 1994); <u>Mitchell v. Toledo Hospital</u>, 964 F.2d 577, 583 (6th Cir. 1992). In its reply memorandum, however, Defendant represents that every decision maker who had or may have had input into transitional assignment determinations, including the supervisor of Plaintiff's team and the pertinent Health Services employees,

changed after Plaintiff was denied a transitional assignment and before any of the other decisions in question. On the basis of that representation, the Court tentatively **GRANTS** Defendant's motion to exclude the evidence (Doc. 88) as irrelevant in light of the absence of the similarity required by the applicable law. In the event that Plaintiff is able to adduce evidence that tends to show that one or more of the decision makers was the same, the Court will revisit this ruling.

**IT IS SO ORDERED.**

Sandra S. Beckwith
United States District Judge