JOSEPH M. ULIBARRI, Plaintiff-Appellant, v. JESUS L. LOPEZ, individually and in his official capacity, Defendant-Appellee.
No. 95-2291

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

1996 U.S. App. LEXIS 27185

October 17, 1996, Filed

Kappler v. Givaudan Flavors
1:01-CV-630
Defendant's Motion In Limine
re Innapropriate Pictures, etc.

**Exhibit A**

NOTICE:

[*1] RULES OF THE TENTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

SUBSEQUENT HISTORY: Reported in Table Case Format at: *99 F.3d 1151, 1996 U.S. App. LEXIS 40786.*

PRIOR HISTORY: (D. New Mexico). (D.C. No. CIV-95-289-LH).

DISPOSITION: AFFIRMED.

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff chief assistant sought review from a judgment of the United States District Court of the District of New Mexico, which granted summary judgment to defendant district attorney and dismissed the complaint as time-barred. The assistant had alleged violations of *42 U.S.C.S. § 1983* for his constructive discharge by the district attorney in retaliation for his constitutionally protected activities.

OVERVIEW: Both parties had applied for a nomination to a state district court vacancy but only the assistant was nominated, although he ultimately was not selected. The assistant then announced his candidacy for the district attorney position. The assistant contended that the district attorney retaliated against him by creating intolerable working conditions, which resulted in his involuntary resignation. The assistant commenced the instant action and the district attorney sought dismissal based on the matter being barred by the three-year statute of limitations. The lower court agreed and dismissed the action and the assistant appealed. The court affirmed the dismissal, holding that the three-year statute of limitations contained in N.M. Stat. Ann. § 37-1-8 barred the assistant's action. The court noted that all acts had occurred more than three years prior to the commencement of the action. Further, that the continuing violation doctrine was inapplicable because the only event which occurred within the statutory period, which was the denial by the district attorney of reimbursement for mileage costs, was too inconsequential compared to prior alleged acts to invoke that doctrine.

OUTCOME: The court affirmed the dismissal of the assistant's action which alleged retaliatory conduct by the district attorney that resulted in his constructive discharge.

CORE TERMS: continuing violation, mileage, resignation, statute of limitations, district attorney, statutory period, tenure, constructive discharge, limitations period, reasonable person, summary judgment, state law, de novo, retaliation, retaliatory, intolerable, nomination, candidacy, effective, accrued, tolling

LexisNexis (TM) HEADNOTES - Core Concepts:

Civil Procedure: Summary Judgment: Summary Judgment Standard
Civil Procedure: Appeals: Standards of Review: De Novo Review
[HN1] An appellate court reviews the grant or denial of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). The district court's application of the statute of limitations is a question of law that an appellate court reviews de novo.

Constitutional Law: Civil Rights Enforcement: Civil Rights Act of 1871: Coverage
Governments: Legislation: Statutes of Limitations: Time Limitations

[HN2] The applicable statute of limitations for *42 U.S.C.S. § 1983* claims in New Mexico is three years. N.M. Stat. Ann. § 37-1-8 (1978).

Labor & Employment Law: Wrongful Termination: Constructive Discharge
Governments: Legislation: Statutes of Limitations: Statutes of Limitations Generally
Constitutional Law: Civil Rights Enforcement: Civil Rights Act of 1871: Coverage
[HN3] To prove constructive discharge a plaintiff must show that he was "forced to quit." The length of the limitations period, and closely related questions of tolling and application, are to be governed by state law. Under New Mexico law a cause of action accrues, for the purpose of the statutes of limitations, from the injury rather than the wrongful act. However, federal law controls when a federal cause of action accrues. A cause of action in a discriminatory employment case arises when the alleged act occurs and is communicated to the employee. Under the continuing violation theory in a civil rights case there must be at least one instance of the discriminatory practice within the filing period and the earlier acts must be part of a continuing policy or practice that includes the act or acts within the statutory period. The continuing violation doctrine is premised on the equitable notion that the statute of limitations should not begin to run until a reasonable person would be aware that his or her rights have been violated. Thus, if an event or series of events should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine to overcome the statute of limitations.

COUNSEL: For JOSEPH M. ULIBARRI, Plaintiff - Appellant: James A. Burke, Santa Fe, NM.

For JESUS L. LOPEZ, Individually and in his official capacity, Defendant - Appellee: Walter G. Lombardi, NM Legal Bureau/RMD, Santa Fe, NM.

JUDGES: Before BRORBY, RONEY ** and LOGAN, Circuit Judges.

** The Honorable Paul H. Roney, Senior United States Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

OPINIONBY: JAMES K. LOGAN

OPINION: ORDER AND JUDGMENT *

-----------------Footnotes-----------------

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-----------------End Footnotes-----------------

Plaintiff Joseph[*2] M. Ulibarri appeals the district court's summary judgment order dismissing as time-barred his *42 U.S.C. § 1983* claim alleging that he was constructively discharged by defendant Jesus L. Lopez in retaliation for his participation in activities protected by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

Apparently in November 1991, while defendant was district attorney for the Fourth Judicial District of New Mexico, and plaintiff was his chief assistant, both applied for nomination to a state district court vacancy. Only plaintiff received a nomination, but was not selected. Later plaintiff announced his candidacy for defendant's position as district attorney. Plaintiff asserted that, in retaliation for his involvement in the judicial nomination process and his candidacy for district attorney, defendant created intolerable working conditions for him. Plaintiff specifically alleged that on January 2, 1992, defendant demoted him to a position of assistant district attorney, with a decrease in pay of $8,000 a year, and reassigned him to Mora County, thirty miles from his previous office in Las Vegas, New Mexico. Plaintiff also alleged that thereafter defendant[*3] changed the door locks at the Las Vegas office, excluded plaintiff from meetings and correspondence, and refused to reimburse him for mileage for traveling to and from Mora County. These actions allegedly forced plaintiff's involuntary resignation effective April 15, 1992. n1

-----------------Footnotes-----------------

n1 Plaintiff sent in a letter of resignation on March 26, 1992.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Defendant's motion to dismiss asserted that plaintiff's claim, filed on March 16, 1995, was barred by the three-year statute of limitations because the events plaintiff contended made the conditions of his employment intolerable were imposed on or around January 2, 1992. The district court agreed, finding that plaintiff failed to allege facts establishing that his rights were violated after March 16, 1992, or showing a reason for extending or tolling the statutory period. On appeal plaintiff asserts the district court erred both in determining when his cause of action accrued and in applying the continuing violation theory.

" [HN1] We review the grant or denial of summary judgment[*4] de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c)." *Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir. 1995). The district court's application of the statute of limitations is a question of law that we review de novo. See *Trustees of Wyoming Laborers Health & Welfare Plan v. Morgen & Oswood Constr. Co.*, 850 F.2d 613, 617 (10th Cir. 1988).

The parties agree that [HN2] the applicable statute of limitations for § 1983 claims in New Mexico is three years. *Wilson v. Garcia*, 471 U.S. 261, 280, 85 L. Ed. 2d 254, 105 S. Ct. 1938 (1985); see N.M. Stat. Ann. § 37-1-8 (1978); see also *Owens v. OKure*, 488 U.S. 235, 249-50, 102 L. Ed. 2d 594, 109 S. Ct. 573 (1989) ("courts considering § 1983 claims should borrow the general or residual statute for personal injury actions"). Because plaintiff filed this suit on March 16, 1995, the essential question is whether plaintiff's claim accrued within three years of that date.

[HN3] To prove constructive discharge a plaintiff must show that he was "forced to quit." *Reynolds v. School Dist. No. 1*, 69 F.3d 1523, 1534 (10th Cir. 1995). Plaintiff asserts that the time that the claim accrued is determined by state law, see *Wilson v. Garcia*, 471[*5] U.S. 264, 85 L. Ed. 2d 254, 105 S. Ct. 1938 (1985) ("the length of the limitations period, and closely related questions of tolling and application, [ ] are to be governed by state law"), and that under New Mexico law "a cause of action accrues, for the purpose of the statutes of limitations, from the injury rather than the wrongful act." *Zamora v. Prematic Serv. Corp.*, 936 F.2d 1121, 1123 (10th Cir. 1991). As defendant points out, however, federal law controls when a federal cause of action accrues. *Industrial Contractors Corp. v. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994).

The district court relied on *Delaware State College v. Ricks*, 449 U.S. 250, 258, 66 L. Ed. 2d 431, 101 S. Ct. 498 (1980), for the proposition that a cause of action in a discriminatory employment case arises when the alleged act occurs and is communicated to the employee. Plaintiff asserts that the district court erred in applying Ricks, a denial of tenure case, to the facts here. In Ricks, the plaintiff received a one-year "terminal" contract when the defendant denied tenure. The Supreme Court concluded that the act that triggered the running of the statute of limitations was the notice to plaintiff of the denial of tenure, not the last day[*6] of his employment.

Plaintiff argues that his case is different from Ricks because he is not suing only on his demotion and transfer in January 1992; rather, he is suing for constructive discharge based on alleged retaliatory incidents that took place after March 16, 1992. He cites his resignation itself, effective on April 15, 1992, as an incident occurring within the limitations period. But absent some additional act attributable to his employer--some straw that broke the camel's back, so to speak--that is not enough. Plaintiff cites the denial of mileage expenses as such a discriminatory act. But that denial could not have been retaliatory conduct that caused plaintiff's resignation because plaintiff submitted his letter of resignation on March 26, 1992, four days before defendant mailed the letter refusing mileage expenses. n2 We are not impressed by plaintiff's contention that the resignation letter should be read as a request to negotiate.

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - -

n2 Defendant argued that the payment of mileage to plaintiff would have violated the New Mexico statute and regulations on mileage reimbursement.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - -

[*7]

Finally, plaintiff asserts that the district court erred in its alternative analysis of his claim as a continuing violation. Under the continuing violation theory in a civil

rights case there must be "at least one instance of the discriminatory practice within the filing period . . . and the earlier acts must be part of a continuing policy or practice that includes the act or acts within the statutory period." *Martin v. Nannie and the Newborns, Inc.,* 3 F.3d 1410, 1415 (10th Cir. 1993). Plaintiff asserts that if his case states a continuing violation, certain events, including the denial of mileage, occurred within the statutory period. We agree with the district court that the only event which occurred within the statutory period, the denial of mileage, was "so inconsequential when compared to the prior alleged acts" that it would not "justify application of the continuing violation doctrine," Appellant's App. 45. This fits with the rationale for the continuing violation doctrine which "is premised on the equitable notion that the statute of limitations should not begin to run until a reasonable person would be aware that his or her rights have been violated." *Martin,* 3 F.3d[*8] at 1415 n.6. Thus, "if an event or series of events should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine" to overcome the statute of limitations. Id.

AFFIRMED.

Entered for the Court

James K. Logan

Circuit Judge