# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **JENNIFER KAPPLER** | : | **Case No.  C-1-01-630** |
| | : | |
| **Plaintiff** | : | **Judge Speigel** |
| | : | |
| **vs.** | : | |
| | : | **PLAINTIFF'S PROPOSED** |
| **GIVAUDAN FLAVORS CORP.** | : | **JURY INSTRUCTIONS AND** |
| | : | **SPECIAL INTERROGATORIES** |
| **Defendant** | : | |
| | : | |

Pursuant to the Court's Pretrial Order, Plaintiff submits the following Proposed Jury Instructions and Special Interrogatories.

Respectfully submitted,

s/David Torchia
David Torchia – 0015962
Tobias, Kraus & Torchia
911 Mercantile Library Bldg.
414 Walnut Street
Cincinnati, Ohio 45202
(513) 241-8137
Attorney for Plaintiff

Plaintiff's Proposed Instruction No. 1

## FUNCTION OF THE JURY

Members of the jury, your job as jurors is to determine the issues of fact presented by the claims of the parties and reach a just verdict.

In doing your job, you must follow the law as stated in these instructions and apply these rules of law to the facts you find from the legal evidence.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law.  Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other issue of law than that given in these instructions, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the legal evidence in the case.

You are to perform this duty without bias or prejudice as to any party.  Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the legal evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal worth and equal standing in the community.  Businesses, corporations and governmental units are entitled to the same fair trial at your hands as private individuals. All persons, including businesses and corporations, stand equal before the law, and are to

be dealt with as equals in a court of justice.  Sympathy for a party, or prejudice against a party, should play no part in your deliberations or in your decision.

Unless otherwise stated, the jury should consider each instruction given to apply separately and individually to each party.

Authority:     Sacolick v. General Electric Co., No. C-1-94-017

Plaintiff's Proposed Instruction No. 2

## EVIDENCE

Legal evidence is the testimony of witnesses, the exhibits, which you will have with you in the jury room regardless of who may have produced them, and the facts which have been admitted or stipulated.

Once facts have been proved by the legal evidence, you may then draw such reasonable inferences from those facts you feel are justified in the light of your experience.

The legal evidence does not include the exhibits which have not been given to you in the jury room, the opening statements or the closing arguments of counsel. The opening statements and closing arguments of counsel and the exhibits used for demonstrative purposes are designed to assist you. They are not legal evidence.

Statements or answers which were stricken by the Court or which you were instructed to disregard are not legal evidence and must be treated as though you never heard them. Likewise, anything you may have perceived outside the courtroom is not legal evidence and must be entirely disregarded.

You must not speculate as to why the Court sustained the objection to any question or what the answer to such question might have been. You must not draw any inference or speculate on the truth of any suggestion included in a question that was not answered. It is the duty of the attorneys on both sides to make their objections and to protect the interest of their clients; you are not to infer in any manner that either side was attempting to withhold any evidence from you as a result of objecting to the evidence, whether it was subsequently admitted by the Court or subsequently ruled inadmissible.

You must not draw any inference or speculate on the truth of any suggestion included in a question that was not answered.

If a lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion of fact as legal evidence of that fact unless adopted or confirmed by the witness.  The lawyer's assertion of facts are not legal evidence.

The questions of lawyers may be considered, however, to the extent that they give meaning to the answers of the witness.

Authority:    Sacolick v. General Electric Co.,  No. C-1-94-017

Plaintiff's Proposed Instruction No. 3

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of legal evidence from which a jury may properly find the truth as to the facts of a case.

Direct evidence is testimony given by a witness who has personal knowledge of the facts to which he or she testifies.

Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may reasonably infer other related or connected facts which naturally and logically follow, according to the common experience of people.

To infer, or to make an inference, is to reach a reasonable conclusion of fact which you may but are not required to make from other facts which you find have been established by direct evidence. Whether an inference is made rests entirely with you.

You may not build one inference from another inference which is unsupported by any additional facts, but you may make more than one inference from the same facts or circumstances if it is reasonable to do so. Additionally, you may not draw inferences from a speculative or remote basis that has not been established by the legal evidence.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts in accordance with the legal evidence in the case, both direct and circumstantial.

Authority:    Sacolick v. General Electric Co., No. C-1-94-017

Plaintiff's Proposed Instruction No. 4

## <u>CREDIBILITY OF WITNESSES</u>

In your effort to determine the facts, you will be faced with the problem of what weight should be given to the testimony of each witness.  You must determine how credible or believable any witness is.  You may believe all that a witness tells you, part of what he or she tells you, or none of what he or she tells you.

Consider carefully the circumstances under which each witness testified.  Remember the response to questions, assurance or lack of it in answering, and the entire demeanor or appearance of the witness while on the witness stand.  Consider also any relationship that a witness may bear to either side of the case, their reasons for testifying, any interest they may have in the outcome of the case, any prejudice or bias they may have shown, including any reason or motivation to bear hostility or animosity toward any party, and any partiality they may have demonstrated.

In dealing with contradictory testimony, you may consider which testimony is supported or contradicted by the exhibits admitted into legal evidence.

Material inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to discredit that testimony.  In considering the effect of a discrepancy, do not be misled by an unimportant detail, but do consider all discrepancies that relate to matters of importance.  Consider also whether a discrepancy resulted from an innocent error or an intentional falsehood.

Keep in mind that two individuals rarely, if ever, describe an incident precisely alike in all minute details; note that one individual rarely, if ever, describes the same incident twice in the same minute detail.

In your daily life, you are constantly determining who is worthy of belief and who is not.  In this case, employ the same tests in determining who is worthy of belief and who is not.  Employ the same tests in determining the weight and credibility, if any, you will assign to the testimony of each witness who testified in this trial.

If you believe that witnesses have been discredited as to a part of their testimony, you may give the balance of their testimony such credence, if any, that you believe it deserves.

Authority:    Sacolick, supra

Plaintiff's Proposed Instruction No. 5

## __IMPEACHMENT__

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

In addition, a witness may be discredited or impeached by showing that the witness has made a false statement, whether under oath or not, in other circumstances in which the witness had a motive to make false statements.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

Authority:     __Sacolick__, supra

Plaintiff's Proposed Instruction No. 6

## <u>EXHIBITS</u>

A number of exhibits and testimony related to them have been introduced.  You will determine what weight, if any, the exhibits should receive in the light of all the legal evidence.

Authority:     <u>Sacolick</u>, supra

Plaintiff's Proposed Instruction No. 7

## <u>SUMMARIES, CHARTS, AND DIAGRAMS</u>

Summaries, charts or diagrams prepared by a witness or a party and submitted to you in the jury room are received for the purpose of explaining facts disclosed by testimony and other documents which are legal evidence in the case.  Such summaries, charts or diagrams, however, are not in and of themselves proof of any facts.  If such summaries or charts do not correctly reflect facts or figures shown by the legal evidence in the case, you may disregard them entirely.

Authority:    <u>Sacolick v. General Electric Co.</u>, No. C-1-94-017

Plaintiff's Proposed Instruction No. 8

## **DEPOSITIONS**

During the trial of this case, certain testimony has been given by way of deposition. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing or by videotape, under oath, in the form of a deposition.  The testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you in the same way as if the witness had been present, and had testified from the witness stand.

Authority:    Sacolick v. General Electric Co., No. C-1-94-017

Plaintiff's Proposed Instruction No. 9

## **BURDEN OF PROOF**

The person who asserts a claim has the burden of proof - that is, he or she has the obligation to prove it by a preponderance of the legal evidence.

Preponderance of the legal evidence is the greater weight of the evidence; that is, legal evidence that you believe because it outweighs or overbalances in your minds the legal evidence opposed to it and because it is more probable, more persuasive, or of greater probative value. It is the quality of the legal evidence that must be outweighed. Quality is not necessarily identical with quantity or the greater number of witnesses.

If the weight of the legal evidence is equally balanced or if you are unable to determine which side of an issue has been proved by a preponderance of the legal evidence, the party who has the burden of proof has not established such issue by a preponderance of the legal evidence.

In determining whether any fact in issue has been proved by a preponderance of the legal evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received as legal evidence, regardless of who may have produced them.

This rule of law does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In a civil action such as this, it is proper to find that a party has succeeded in carrying the burden of proof on an issue of fact if, after consideration of the legal

evidence, the jurors believe that what is sought to be proved on that issue is more likely true than not true.

Authority:     <u>Sacolick</u>, supra

Plaintiff's Proposed Instruction No. 10

## **LAWYERS' OBJECTIONS**

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  These rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about a case.  In the event that I sustained an objection, and did not permit a witness to answer a question, you must not draw any inferences from that question or speculate on what the answer of the witness might have been.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

Authority:     Wheat v. Dayton Freight, Inc., No. C-1-97-878 (SD Ohio, Judge Dlott)

Plaintiff's Proposed Instruction No. 11

## ALL PERSONS EQUAL BEFORE THE LAW

The fact that Plaintiff is an individual and the Defendant is a corporation must not enter into or impact your verdict. This case should be considered and decided by you as an action between persons of equal worth and equal standing in the community. Businesses and corporations are entitled to the same fair trial at your hands as private individuals. All persons, including businesses and corporations stand equal before the law, and are to be dealt with as equals in a court of justice.

Authority:     <u>Wheat</u>, supra

Plaintiff's Proposed Instruction No. 12

## AGENTS

A corporation, which is a legal entity, can act only through its agents; that is, the people who make up the management of the corporation or others who are agents for the company. If you find that a member of Defendant's management had knowledge of a particular fact, then you should find that Defendant as a corporation had knowledge of that fact. The knowledge of an agent or manager of a corporation is said to be "imputed" to the corporation.

If you find that Defendant's managers acted within the scope of their employment, then their conduct and decision must be imputed to the Defendant as well.

Authority:     Sacolick v. General Electric Co., No. C-1-94-017.

Plaintiff's Proposed Instruction No. 13

## <u>CLAIMS OF THE PARTIES</u>

Plaintiff Jennifer Kappler claims that she was discriminated against on the basis of her gender and age in violation of federal and state laws.  She also asserts that Defendant Givaudan retaliated against her for complaining about discrimination.  Plaintiff further claims that Defendant acted to intentionally cause her severe emotional distress.  Finally, Plaintiff claims that Defendant's treatment toward her made the workplace intolerable and that she was compelled to resign.

Defendant denies all of Plaintiff's claims and asserts that any decisions made regarding Plaintiff were motivated by legitimate business considerations.

Plaintiff's Proposed Instruction No. 14

## **ISSUES**

The issues of fact submitted to you for your judgment are:

1.      Did Plaintiff prove by the preponderance of the evidence that her gender was a determining factor in any of the adverse treatment she received from Defendant?

2.      Did Plaintiff prove by a preponderance of the evidence that Givaudan retaliated against her for complaining about discrimination?

3.      Did Plaintiff prove by a preponderance of the evidence that her age was a factor in Defendant's decision not to select her for the position of Call Center Supervisor?

4.      Did Plaintiff prove by a preponderance of the evidence that Defendant engaged in extreme and outrageous conduct that proximately caused her to suffer serious emotional distress?

5.      The amount of backpay, frontpay, compensatory damages, and lost benefits, if any, Plaintiff has proved by the preponderance of the legal evidence she has sustained as a direct result of Givaudan's conduct toward her.

6.      The amount of punitive damages, if any, Plaintiff has proved by clear and convincing legal evidence to which she may be entitled.

Plaintiff's Proposed Instruction No. 15

## <u>GENDER DISCRIMINATION</u>

To prevail on her gender discrimination claim, Plaintiff must prove that Defendant intentionally discriminated against her because of her sex.  The law does not prohibit employers from treating employees unfairly, nor does the law prohibit an employer from making decisions which may seem contrary to good business judgment.  An employer may make a subjective judgment regarding an employee for any reason that is not discriminatory.

The law prohibits employers from intentionally discriminating against employees on the basis of gender.  If you find that a motivating factor in Defendant's treatment of Plaintiff was because of her gender, then you must return a verdict for Plaintiff on her claim of sex discrimination.  However, if you find that Plaintiff's gender was not a motivating factor in any of the decisions at issue, you must return a verdict for Defendant on Plaintiff's claim of sex discrimination.

Authority:    Adapted from <u>Wheat v. Dayton Freight, Inc.</u>, No. C-1-97-878 (SD Ohio, Judge Dlott).

Plaintiff's Proposed Instruction No. 16

## RETALIATION

Plaintiff's second claim asserts a violation of federal and state law which prohibits retaliation against individuals who have opposed discrimination or who have pursued claims of discrimination.

To establish a *prima facie* case that Givaudan retaliated against her in violation of the law, Plaintiff must prove:

1.    That she engaged in protected conduct by opposing discrimination or by participating in proceedings in which discriminatory conduct is asserted;

2.    That Givaudan was aware of her protected activity;

3.    That Givandan took an adverse action against her;

4.    That there is a causal connection between Plaintiff's protected conduct and the adverse action.

If Plaintiff establishes a prima facie case, Givaudan must articulate a legitimate, non-retaliatory reason for its conduct. Plaintiff must then demonstrate that Givaudan's stated reason is a pretext as defined in a later instruction.

Authority:    O.R.C. § 4112.02 (I); <u>Polk v. Yellow Freight Systems</u>, 876 F.2d 527 (6th Cir. 1989).

Plaintiff's Proposed Instruction No. 17

## AGE DISCRIMINATION

The first step in proving an age discrimination claim is that the Plaintiff must establish a prima facie case of age discrimination. Plaintiff may establish a prima facie case by proving each of the following essential elements by a preponderance of the evidence:

(1)    that she was at least forty years old at the time the challenged decision was made;

(2)    that she was not hired for the position at issue;

(3)    that she was qualified for his position; and

(4)    that the position was given to a younger person.

If Plaintiff has not established each of these elements, then your verdict must be for Defendant.

If Plaintiff establishes the above elements, Givaudan must articulate a legitimate, non-discriminatory reason for its decision to promote Karin Tassos. If Givaudan states such a reason, then Plaintiff may still prevail on her age discrimination claim. To prevail, Plaintiff must prove by a preponderance of the evidence that Givaudan's articulated reason is only a pretext, and that in fact his age was a determining factor in the decision not to promote her.

Authority:    Adapted from Smith v. Glaxo Welcome, No. C-1-96-540 (Judge Dlott, 1998). <u>Bellian v. Bicron Corp.</u>, 69 Ohio St.3d 517 (1994); <u>Sacolick v. General Electric Corp.</u>, No. C-1-94-017.  <u>Barnes v. GenCorp.</u>, 896 F.2d 1457, 1456 (6th Cir. 1990).

Plaintiff's Proposed Instruction No. 18

**CONSTRUCTIVE DISCHARGE**

Plaintiff resigned her job and claims that she was constructively discharged by Givaudan. Givaudan claims that Plaintiff voluntarily left her job. If you find by the greater weight of the evidence that Givaudan, regardless of its intent, made Plaintiff's working conditions so difficult and unpleasant that a reasonably prudent person under the same or similar circumstances would feel compelled to resign or leave employment, then you will find that Plaintiff was constructively discharged.

<u>Authority</u>:  2 OJI 266.25

Plaintiff's Proposed Instruction No. 19

## **<u>PRETEXT</u>**

A pretext is a fictitious reason or motive advanced to conceal the real reason. Plaintiff can prove that a given reason for an employment decision is pretextual in three different ways: (1) by proving that the reason had no basis in fact; (2) by proving that even if the reason had a basis in fact the reason was insufficient to motivate the decision; or (3) by proving that the reason did not actually motivate the decision. If you find that Plaintiff has established pretext, then you may find for Plaintiff if you find that a real reason that made a difference in the employment was her gender, age, or protected conduct. Even if you find that Defendant's stated reason was not the real reason for its actions, you cannot find for Plaintiff unless you find that a real reason that made a difference in Defendant's decision.

Plaintiff's Proposed Instruction No. 18

Plaintiff's Proposed Instruction No. 20

## **MOTIVE**

For Plaintiff to prevail on her claims discrimination and retaliation, she must prove that Defendant's decision makers were motivated by her race in the decision not to allow her to return to work. A motive is defined as that which causes a person to act in a certain way.  Plaintiff need not show that her race was the only factor in the decision; there may have been more than one factor that motivated the decision.  However, Plaintiff must show that her protected status or conduct was a determining factor in the decision.  A determining factor is an important or significant reason for doing something.

The critical inquiry focuses on the moment the employment decision was made. Accordingly, you should focus on what was known to the decision-makers at the time of the employment decision.

Authority:     <u>Wheat</u>, supra.

Plaintiff's Proposed Instruction No. 21

## <u>DISCRIMINATION - DECISION MAKERS</u>

The fact that some of the persons who participated in some decisions regarding Plaintiff were not the final decision-maker does not insulate Defendant as a company from a finding of discrimination, harassment, or retaliation. So long as a person anywhere in the chain of events leading to the discharge decision was influenced or motivated by Plaintiff's race or protected activity in giving his or her input, the ultimate decision is discriminatory.

Authority: <u>Sacolick</u>, supra.

Plaintiff's Proposed Instruction No. 22

## INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

Whenever an individual intentionally or recklessly acts in an extreme and outrageous manner so as to cause serious emotional distress to another, he may be held liable for any mental or physical injury caused.

Liability exists only where the conduct so outrageous in character and so extreme in degree, that it goes beyond all possible bounds of decency and may be regarded as atrocious and utterly intolerable in a civilized community.

Mere insults, indignities, threats, annoyances, petty oppressions are not enough. All people are expected to be hardened to a certain amount of rough language or acts which are inconsiderate or unkind. The law does not intervene in every case where feelings are hurt and there is still freedom to express an unflattering opinion.

In order to recover, Plaintiff must prove by the greater weight of the evidence three elements:

(1) That Givaudan intentionally or recklessly acted in an extreme and outrageous manner.

(2) That Givaudan's actions proximately caused Plaintiff's psychic injuries.

(3) That Plaintiff's mental anguish was serious and of a nature that no reasonable man could be expected to endure.

A person acts intentionally when he has the purpose to produce a specific result. A person intends an act when it is done purposely, not accidentally. The intent with which a person does an act is known only to himself, unless he expresses it to others or indicates it by his conduct.

A person acts recklessly when with heedless indifference to the consequences he perversely disregards a known risk that his conduct is likely to cause serious emotional distress.

An act is extreme and outrageous when it passes all reasonable bounds of decency and is excessive, wanton, or gross.

The emotional distress or mental anguish must be serious. A reasonable person, of normal mental condition, would be unable to contend with satisfactorily a serious mental anguish or emotional distress.

The law cannot provide damages or protect against all mental anguish. People are required to endure some emotional discomfort. To recover, Plaintiff must prove by the greater weight of the evidence that the distress is serious.

Authority:    2 OJI §219.03

Plaintiff's Proposed Instruction No. 23

## <u>DAMAGES - CONSIDER ONLY IF NECESSARY</u>

If you find that Plaintiff has proven any of her claims against Defendant by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled in regards to each of these claims.  You should not interpret the fact that I have given instructions about damages as an indication in any way that I believe Plaintiff should, or should not, win this case.  I am instructing you on damages only so that you will have guidance in the event you decide that Defendant is liable and that Plaintiff is entitled to an economic recovery from Defendant.  Your first task is to decide whether Defendant is liable.  If you decide that Plaintiff is not entitled to recovery, your verdict must be for Defendant, and you need go no further.

Authority:    <u>Wheat</u>, supra.

Plaintiff's Proposed Instruction No. 24

## **<u>DAMAGES:  BACK PAY</u>**

If you determine that Defendant constructively discharged Plaintiff, you must determine the amount of damages Defendant has caused Plaintiff.

You may award as actual damages an amount that reasonably compensates Plaintiff for any lost wages and benefits, taking into consideration any increases or decreases, if any, in salary and benefits, including pension, that Plaintiff would have received had there been no discrimination or retaliation against.  Basically, you have the ability to make Plaintiff whole for any wages or other benefits that she lost as a result of the termination.

Authority:     <u>Wheat</u>, supra.

Plaintiff's Proposed Instruction No. 25

## <u>DAMAGES -- MITIGATION OF BACK PAY</u>

An injured person, in this case Plaintiff, has the duty to make all diligent and reasonable efforts to mitigate, or lessen, her damages.  The burden is on Givaudan to prove by a preponderance of the evidence that Plaintiff failed to mitigate her damages. Plaintiff is not required to go to heroic lengths to do so.   If you determine that Givaudan proved that Plaintiff failed to mitigate her lost back pay by failing to make reasonable efforts to find a new job or failed to take a job with substantially equivalent employment opportunities that was reasonably available to her, you must reduce any award of back pay by the amount of wages and benefits that she reasonably would have earned had he sought out or taken advantage of those opportunities.  To be "substantially equivalent", the new position must have afforded Plaintiff virtually identical promotional opportunities, compensation, job responsibilities, working conditions and status.

Authority:     <u>Smith v. Glaxo Wellcome</u>, No. C-1-96-540; <u>Rasimas v. Michigan Dept. of Mental Health</u>, 714 F.2d 614 (6th Cir. 1983); <u>Shore v. Federal Express Corp.</u>, 42 F.3d 373 (6th Cir. 1994).

Plaintiff's Proposed Instruction No. 26

## <u>DAMAGES -- FRONT PAY AND BENEFITS</u>

If you find that Plaintiff has proven her claims, then you may determine the amount of any lost future wages, bonuses and benefits to be awarded to her. This is known as front pay, and it may include the amount Plaintiff reasonably would have lost from the day of your verdict into the future due to Givaudan's unlawful action. In determining the amount of a front pay award, you must remember that a front pay award is intended to compensate Plaintiff for actual loss of wages and benefits that she is expected to experience in the future because of Givaudan's unlawful action. Among the factors to be considered in determining the amount of a front pay award are (1) the age of the employee and her reasonable prospects of obtaining comparable employment elsewhere; (2) salary and other tangible benefits, such as bonuses and vacation pay; (3) expenses associated with finding new employment; (4) the replacement value of fringe benefits, for a reasonable time until new employment is obtained; and (5) the employee's work and life expectancy.

As with an award of back pay, Plaintiff has a duty to make reasonable efforts to reduce her future pay losses. You should consider whether Plaintiff took advantage of available employment opportunities and made reasonable efforts to become comparably re-employed, and the likelihood that she will again become comparably employed. If you find that Plaintiff is entitled to front pay for future losses, you must reduce the sum to present value.

An award of front pay may not be speculative. You must base a front pay award, if any, on evidence presented in this case.

Authority:    <u>Smith v. Glaxo Wellcome</u>, No. C-1-96-540.

Plaintiff's Proposed Instruction No. 27

## **DAMAGES - LOST EARNING CAPACITY**

If you find that Plaintiff has proven her discrimination claims, you may also award her damages for lost future earning capacity.  This is different than front pay.  An award for lost future earnings capacity is designed to compensate a party for a lifetime of diminished earnings and diminished earning capacity resulting from wrongful conduct.

Authority:    Williams v. Pharmacia Inc., 76 FEP Cases 310 (7th Cir. 1998).

Plaintiff's Proposed Instruction No. 28

## DAMAGES -- COMPENSATORY DAMAGES

If you find that Plaintiff has proven any of her claims, then you may consider whether Plaintiff is entitled to what is known as "compensatory damages." These damages are intended to compensate him for any pain and suffering, loss of reputation, humiliation, embarrassment, mental anguish, and loss of self-esteem that was caused by Givaudan's actions.

If you decide to award compensatory damages, you should assess an amount of money you find justified by a preponderance of the evidence as full and just compensation. No evidence of the monetary value of such intangible things has been, or needs to be introduced into evidence. However, while no exact standard exists for calculating the compensation to be awarded for these elements of damages, you must not engage in arbitrary guess work. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts and evidence.

Authority:    Smith v. Glaxo Wellcome, No. C-1-96-540.

Plaintiff's Proposed Instruction No. 29

## PUNITIVE DAMAGES

If you find for plaintiff and award actual damage, you may also consider whether you will separately award punitive damages. If you do not find actual damage, you cannot consider punitive damages.

The function of punitive damages is to punish a defendant for malicious conduct and to deter similar conduct by others. Punitive damages may be awarded if you find that Plaintiff has shown by clear and convincing evidence that the conduct involved was malicious, oppressive or insulting.

"Malice" includes (A) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge or, (B) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.

"Oppression" is an act or series of acts that wrongfully subject the victim to harm or hardship by the unjust or cruel use of force or authority.

"Insult" means any act or remark that is consciously, deliberately, or intentionally scornful or humiliating.

If you award punitive damages, the amount should be fair and reasonable under all the facts and circumstances. It should not be excessive, nor actuated by passion or prejudice. The amount of punitive damages rests in your sound judgment and should be determined from all the evidence in the case. If you find that punitive damages should be assessed against Defendant, you may consider the financial resources of Defendant in fixing the amount of such damages.

Authority:    OJI §23.71.

Plaintiff's Proposed Instruction No. 30

## **LIQUIDATED DAMAGES**

If you find that Plaintiff was discriminated against by Defendant on the basis of age, then you must decide whether Defendant's conduct was willful. If you find that Defendant's violation of the age discrimination law was willful, the court will award plaintiff money damages in addition to the back pay that you have awarded.

A violation is willful if the employer either knew or showed reckless disregard for the matter or whether its conduct was prohibited by the federal law under which the plaintiff sues. A violation is willful if it is done voluntarily, deliberately, and intentionally and not by accident, inadvertence, or ordinary negligence.

Intentional discrimination is seldom admitted, and it is not necessary to find direct evidence of intent to discriminate in order to find that the violation was willful. You may consider statements made, acts done or omitted, and all facts or circumstances received into evidence during the trial which show whether or not defendant acted willfully.

Authority:    *Federal Jury Practice and Instructions, Civil* (2000), Devitt, Blackmar and Wolff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JENNIFER KAPPLER** | : | **CASE NO. C-1-01-630** |
| | : | |
| Plaintiff | : | Judge Speigel |
| | : | |
| vs. | : | |
| | : | |
| **GIVAUDAN FLAVORS CORP.** | : | **SPECIAL INTERROGATORIES** |
| | : | |
| Defendant | | |

1.  **PLAINTIFF'S CLAIM OF GENDER DISCRIMINATION**

    Did Plaintiff prove, by a preponderance of the evidence, that she was treated differently than males in the terms and conditions of her employment?

    _____YES    _____NO

2.  **PLAINTIFF'S CLAIM OF RETALIATION**

    Did Plaintiff prove by a preponderance of the evidence that Defendant retaliated against her for her protected activity?

    _____YES    _____NO

3.  **PLAINTIFF'S AGE DISCRIMINATION CLAIM**

    Did Plaintiff prove by a preponderance of the evidence that her age was a determining factor in the decision not to promote her to the position of Call Center Supervisor?

    _____YES    _____NO

If you answered yes, do you find that Defendant acted willfully?

_____YES          _____NO

## 4.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Did Plaintiff prove by a preponderance of the evidence that Defendant engaged in extreme and outrageous conduct and that she suffered severe emotional distress.

_____YES          _____NO

If you answered yes to any of the questions above**,** please continue below. However, if you answered no to all of the above questions**,** do not answer any more questions, simply sign the verdict form and notify the Courtroom Deputy.

## 5.   BACKPAY, FRONT PAY, BENFITS, AND  COMPENSATORY DAMAGES

If you answered yes to questions 1, 2, and/or 3, what amounts, if any, do you award to Plaintiff for:

Backpay                    _____

Frontpay                   _____

Benefits                   _____

If you answered yes to questions 1, 2, 3, or 4, what amounts, if any, do you award to Plaintiff for Compensatory Damages   _____

## 6.   PUNITIVE DAMAGES

Do you find that Defendant acted with actual malice or reckless indifference to Plaintiff's legal rights?

Yes _____          No _____

If you answered yes to question 7 you may award punitive damages. Do you choose to do so?

Yes _____          No _____

If yes, what amount of punitive damages should be awarded to Plaintiff for:

(a) gender discrimination:          $_____

(b) retaliation                            $_____

(c) intentional infliction of
    emotional distress                 $_____


Total:  $_____

## <u>CERTIFICATE OF SERVICE</u>

 I hereby certify that a copy of the foregoing document has been served by hand-delivery to Jeffery L. VanWay, Esq., Baker & Hostetler, Suite 2650, 312 Walnut Street, Cincinnati, Ohio 45202 on this <u>5th</u> day of September, 2003.

         <u>s/David Torchia     </u>
         David Torchia - 0015962