IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JENNIFER KAPPLER, | : | |
| Plaintiff, | : | Civil Action No. C-1-01-630 |
| vs. | : | Judge Spiegel |
| GIVAUDAN FLAVORS CORP., | : | |
| Defendant. | : | |

### DEFENDANT GIVAUDAN FLAVORS CORP.'S
### PROPOSED INSTRUCTIONS
### FOR DAMAGES PORTION OF TRIAL

Defendant Givaudan Flavors Corp. ("Defendant," the "Company," or "Givaudan") hereby submits its Proposed Instructions for Damages Portion of Trial.

Respectfully submitted,

*/s/ Robin E. Harvey*

Robin E. Harvey, Trial Attorney (0014183)
Jeffery L. VanWay (0069175)
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202
(513) 929-3400

Attorneys for Defendant
Givaudan Flavors Corp.

-2-

## DEFENDANT'S PROPOSED INSTRUCTION NO. 1

## DAMAGES – BACK PAY

In determining back-pay damages, you must award Plaintiff back pay equal to the amount that she would have received from Defendant but for the violation(s) alleged—here, the constructive discharge and/or failure to promote. Backpay includes reasonable compensation for any lost wages and benefits, taking into consideration any increases in salary and benefits, that Plaintiff would have received through the date of trial.

You must reduce any award by the amount of the expenses that plaintiff would have incurred in making those earnings, and by whatever wages Plaintiff has obtained from other employment during this period. If the Defendant proved that Plaintiff unjustifiably failed to take a new job of like kind, status, and pay that was available to her, or failed to make reasonable efforts to find a new job, you should also subtract from Plaintiff's damages any amounts she could have earned in that job.

Authority:   O'Malley, Grenig & Lee, Fed. Jury Prac. & Instruc., § 171.91 (5th ed. 2001) (modified); McNamara & Southerland, Federal Employment Jury Instructions, §§ 1:1261, 1:1270 (2002) (modified)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 2**

**DAMAGES – COMPENSATORY DAMAGES**

If you find that Plaintiff has proven any of her claims of retaliation, gender discrimination and/or intentional infliction of emotional distress, then you must determine an amount of money that is fair compensation for Plaintiff's damages.

These damages are intended to compensate Plaintiff for any pain and suffering, loss of reputation, humiliation, embarrassment, and mental/emotional anguish that was caused by Defendant's actions. You may award compensatory damages only for injuries that the Plaintiff proves were caused by Defendant's allegedly wrongful conduct—those injuries that were not (a) caused by something else or (b) already in existence before Defendant acted.

The damages that you award must be fair compensation, no more no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant. Instead, you must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You should be guided by dispassionate common sense. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of her losses with mathematical certainty, just with as much definiteness and accuracy as circumstances permit. Thus, though there is no exact standard for fixing the compensation to be awarded, any award you make should be fair in light of the evidence presented at trial.

Authority:    O'Malley, Grenig & Lee, <u>Fed. Jury Prac. & Instruc.</u>, § 171.90 (5th ed. 2001) (modified).

## DEFENDANT'S PROPOSED DAMAGES INSTRUCTION NO. 3

## <u>DAMAGES – PUNITIVE DAMAGES</u>

Your final consideration in calculating damages is determining whether the Plaintiff is entitled to punitive damages. You may decide that Defendant is liable for punitive damages if you find by clear and convincing evidence that:

(1)   Defendant's acts or failures to act demonstrated malice, and

(2)   The Plaintiff has presented proof of actual damages that resulted from those acts or failures to act.

To be "clear and convincing," the evidence must have more than simply a greater weight than the evidence opposed to it; it must prove in your minds a firm belief or conviction about the facts to be proved. This is a higher standard than the preponderance of the evidence standard that you must use in determining whether Plaintiff has proven her claims of discrimination.

As used in these instructions, "malice" is defined as that state of mind under which a person's conduct is characterized by hatred, ill will, or a spirit of revenge.

If you award punitive damages, you must consider the following in determining an amount to award:

1.   The amount must be related to the harm actually suffered by Plaintiff herself, and not to the hypothetical claims of others not in this courtroom.

2.   The award must be rational and not exceeding a single digit ratio between punitive and compensatory damages.

The amount you award, if any, should be fair and reasonable under all the facts and circumstances, and should not be excessive, nor influenced by passion, sympathy, or prejudice.

-5-

Authority:   1 O.J.I. § 23.71 (2001) (modified); <u>State Farm Mut. Auto. Ins. Co. v. Campbell,</u> 123 S. Ct. 1513 (2003).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing Defendant Givaudan Flavors Corp.'s Proposed Instructions for Damages Portion of Trial was served upon Counsel for Plaintiff, David Torchia, Tobias, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut, Cincinnati, Ohio 45202, by hand-delivery on this 5th day of September, 2003.

_____
Jeffery L. VanWay