IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JENNIFER KAPPLER,                           :

        Plaintiff,                          :            Civil Action No. C-1-01-630

    vs.                                     :            Judge Spiegel

GIVAUDAN FLAVORS CORP.,                      :

        Defendant.                          :

## DEFENDANT GIVAUDAN FLAVORS CORP.'S
## PROPOSED JURY INSTRUCTIONS AND
## SPECIAL VERDICT FORMS FOR LIABILITY PORTION OF TRIAL

Pursuant to the Court's Trial Procedure Order, Defendant Givaudan Flavors Corp.

("Defendant," the "Company," or "Givaudan") hereby submits its Proposed Jury Instructions and

Special Verdict Forms for the Liability Portion of Trial.

Respectfully submitted,

Robin E. Harvey, Trial Attorney (0014183)
Jeffery L. VanWay (0069175)
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202
(513) 929-3400

Attorneys for Defendant
Givaudan Flavors Corp.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 1

### <u>FUNCTION OF THE JURY</u>

Members of the jury, your job as jurors is to determine the issues of fact presented by the claims of the parties and reach a just verdict.

In doing your job, you must follow the law as stated in these instructions and apply these rules of law to the facts you find from the legal evidence.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other issue of law than that given in these instructions, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the legal evidence in the case.

You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the legal evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal worth and equal standing in the community. Businesses, corporations and governmental units are entitled to the same fair trial at your hands as private individuals. All persons, including businesses and corporations, stand equal before the law, and are to be dealt with as equals in a court of justice. Sympathy for a party, or prejudice against a party, should play no part in your deliberations or in your decision.

Unless otherwise stated, the jury should consider each instruction given to apply separately and individually to each party.

Authority:          <u>Sacolick v. General Electric Co.</u>, No. C-1-94-017

## DEFENDANT'S PROPOSED INSTRUCTION NO. 2
### EVIDENCE

Legal evidence is the testimony of witnesses; the exhibits, which you will have with you in the jury room regardless of who may have produced them; and the facts which have been admitted or stipulated.

Once facts have been proved by the legal evidence, you may then draw such reasonable inferences from those facts that you feel are justified in the light of your experience.

The legal evidence does not include the exhibits which have not been given to you in the jury room, the opening statements, or the closing arguments of counsel. The opening statements and closing arguments of counsel and the exhibits used for demonstrative purposes are designed to assist you. They are not legal evidence.

Statements or answers which were stricken by the Court or which you were instructed to disregard are not legal evidence and must be treated as though you never heard them. Likewise, anything you may have perceived outside the courtroom is not legal evidence and must be entirely disregarded.

You must not speculate as to why the Court sustained the objection to any question or what the answer to such question might have been. You must not draw any inference or speculate on the truth of any suggestion included in a question that was not answered. It is the duty of the attorneys on both sides to make their objections and to protect the interest of their clients; you are not to infer in any manner that either side was attempting to withhold any evidence from you as a result of objecting to the evidence, whether it was subsequently admitted by the Court or subsequently ruled inadmissible.

You must not draw any inference or speculate on the truth of any suggestion included in a question that was not answered.

If a lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion of fact as legal evidence of that fact unless adopted or confirmed by the witness.  The lawyer's assertion of facts are not legal evidence.  The questions of lawyers may be considered, however, to the extent that they give meaning to the answers of the witness.

Authority:                    Sacolick v. General Electric Co., No. C-1-94-017

**DEFENDANT'S PROPOSED INSTRUCTION NO. 3**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are, generally speaking, two types of legal evidence from which a jury may properly find the truth as to the facts of a case.

Direct evidence is testimony given by a witness who has personal knowledge of the facts to which he or she testifies.

Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may reasonably infer other related or connected facts that naturally and logically follow, according to the common experience of people.

To infer, or to make an inference, is to reach a reasonable conclusion of fact that you may, but are not required to make, from other facts that you find have been established by direct evidence. Whether an inference is made rests entirely with you.

You may not build one inference from another inference that is unsupported by any additional facts, but you may make more than one inference from the same facts or circumstances if it is reasonable to do so. Additionally, you may not draw inferences from a speculative or remote basis that has not been established by the legal evidence.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts in accordance with the legal evidence in the case, both direct and circumstantial.

Authority:         Sacolick v. General Electric Co., No. C-1-94-017

**DEFENDANT'S PROPOSED INSTRUCTION NO. 4**

**<u>CREDIBILITY OF WITNESSES</u>**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimonies deserve.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence that tends to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand.  Consider the witness' ability to observe the matters as to which he/she has testified, and whether he/she impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause the jury to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Authority:    Devitt, Blackmar, and Wolff, <u>Fed. Jury Prac. & Instruc.</u>, §73.01 (4th Ed. 1987).

## DEFENDANT'S PROPOSED INSTRUCTION NO. 5

### <u>IMPEACHMENT</u>

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

In addition, a witness may be discredited or impeached by showing that the witness has made a false statement, whether under oath or not, in other circumstances in which the witness had a motive to make false statements.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

Authority:        <u>Sacolick v. General Electric Co.</u>, No. C-1-94-017

**DEFENDANT'S PROPOSED INSTRUCTION NO. 6**

**EXHIBITS**

A number of exhibits and testimony related to them have been introduced.  You will determine what weight, if any, the exhibits should receive in the light of all the legal evidence.

Authority:                    Sacolick v. General Electric Co., No. C-1-94-017

## DEFENDANT'S PROPOSED INSTRUCTION NO. 7

## <u>DEPOSITIONS</u>

During the trial of this case, certain testimony has been given by way of deposition. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing or by videotape, under oath, in the form of a deposition. The testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand.

Authority:          <u>Sacolick v. General Electric Co.</u>, No. C-1-94-017

## DEFENDANT'S PROPOSED INSTRUCTION NO. 8

## <u>BURDEN OF PROOF</u>

The burden is on the Plaintiff to prove every essential element of her claims by a preponderance of the evidence. If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence in the case, the jury must find for Givaudan as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

If the weight of the legal evidence is equally balanced or if you are unable to determine which side of an issue has been proved by a preponderance of the legal evidence, the party who has the burden of proof has not established such issue by a preponderance of the legal evidence.

In determining whether any fact in issue has been proved by a preponderance of the legal evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received as legal evidence, regardless of who may have produced them.

This rule of law does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In a civil action such as this, it is proper to find that a party has succeeded in carrying the burden of proof on an issue of fact if, after consideration of the legal evidence, the jurors believe that what is sought to be proved on that issue is more likely true than not true.

Authority:      <u>Sacolick v. General Electric Co.</u>, No. C-1-94-017; Devitt, Blackmar, and Wolff, <u>Fed. Jury Prac. & Instruc.</u> §72.01 (4th ed. 1987) (modified)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 9**

**<u>LAWYERS' OBJECTIONS</u>**

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  These rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about a case.  In the event that I sustained an objection, and did not permit a witness to answer a question, you must not draw any inferences from that question or speculate on what the answer of the witness might have been.  Remember: Your decision must be based only on the evidence that you saw and heard here in court.

Authority:      <u>Wheat v. Dayton Freight, Inc.</u>, No. C-1-97-878 (SD Ohio, Judge Dlott)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 10**

**VERDICT – UNANIMOUS – DUTY TO DELIBERATE**

The verdict must represent the considered judgment of each juror.  To return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  Rather, you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Authority:      Devitt, Blackmar, and Wolff, <u>Fed. Jury Prac. & Instruc.</u>, §74.01 (4th ed. 1987)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 11

### ALL PERSONS EQUAL BEFORE THE LAW

The fact that Plaintiff is an individual and the Defendant is a corporation must not enter into or impact your verdict.  This case should be considered and decided by you as an action between persons of equal worth and equal standing in the community.  Businesses and corporations are entitled to the same fair trial at your hands as private individuals.  All persons, including businesses and corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

Authority:    Wheat v. Dayton Freight, Inc., No. C-1-97-878 (SD Ohio, Judge Dlott)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 12

## <u>CLAIMS OF THE PARTIES</u>

This case involves five claims by the Plaintiff, Jennifer Kappler, against Defendant, Givaudan Flavors Corp.

Plaintiff asserts that she was discriminated against on account of her gender and also on account of her age.  Plaintiff also alleges that Defendant retaliated against her, culminating in her constructive discharge, after she complained about discrimination.  Finally, Plaintiff alleges that Defendant committed the tort of intentional infliction of emotional distress.

Givaudan denies all of Plaintiff's claims and asserts that all decisions regarding Plaintiff were based on legitimate, non-discriminatory reasons.  Givaudan also asserts that Plaintiff failed to follow the Company's harassment and anti-discrimination policy, and that the Company took prompt and remedial action to correct any alleged discriminatory conduct that Plaintiff brought to the Company's attention.  Givaudan further denies that Plaintiff was subjected to extreme and outrageous conduct that was beyond all possible bounds of decency and regarded as atrocious and utterly intolerable in a civilized community.  Defendant further denies that the alleged conduct  resulted in Plaintiff suffering severe emotional distress.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 13

## PRIMA FACIE CASE – RETALIATION FOR MAKING COMPLAINT OF GENDER DISCRIMINATION

Plaintiff's first claim asserts a violation of federal and state law, which prohibits retaliation against individuals who have protested about discrimination or resorted to corrective mechanisms provided by their employer.

To establish a *prima facie* case of retaliation, Plaintiff must prove all of the following:

1.    That she engaged in protected conduct;

2.    That Givaudan was aware of her protected conduct;

3.    That Givaudan took an adverse employment action against her at the time, or after, the protected conduct took place; and

4.    That there is a causal connection between Plaintiff's protected conduct and the adverse employment action—that is, that Givaudan took an adverse employment action against Plaintiff because of her protected conduct.

If you find that Plaintiff has failed to establish any one of these factors, then you must return a verdict for Givaudan. If you find, however, that Plaintiff establishes a *prima facie* case, then Givaudan must articulate a legitimate, non-discriminatory reason for its conduct.  Plaintiff must then further demonstrate that Givaudan's stated reason is pretext.

Authority:    McNamara & Southerland, Federal Employment Jury Instructions, § 1:660 (2002) (modified); O.R.C. § 4112.02(l); O'Malley, Grenig & Lee, Fed. Jury Prac. & Instruc., § 171.25 (5th ed. 2001) (modified); Williams v. Nashville Network, 132 F.3d 1123 (6th Cir. 1997)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 14

## **ADVERSE EMPLOYMENT ACTION**

An adverse employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.

Authority:    McNamara & Southerland, Federal Employment Jury Instructions, § 1:890 (2002) (modified); Kocsis v. Multi-Care Mgmt., Inc., 97 F.3d 876, 886-87 (6th Cir. 1996)

-18-

**DEFENDANT'S PROPOSED INSTRUCTION NO. 15**

**LEGITIMATE NONDISCRIMINATORY REASON FOR EMPLOYMENT
DECISIONS – RETALIATION**

You must consider any legitimate nondiscriminatory reason or explanation stated by Defendant for its decisions. If you determine that Defendant has stated any reason unrelated to retaliation, then you must decide in favor of Defendant unless Plaintiff proves by a preponderance of the evidence that the stated reason was pretext. In considering the reason stated by Defendant for its decision, you are not to second-guess that decision or otherwise substitute your judgment for that of Defendant. Defendant need not prove this reason because the burden of proof always rests with the Plaintiff.

Authority:    O'Malley, Grenig & Lee, <u>Fed. Jury Prac. & Instruc.</u>, § 171.77 (5th ed. 2001) (modified); McNamara & Southerland, <u>Federal Employment Jury Instructions</u>, § 1:330 (2002) (modified)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 16

### PRETEXT - RETALIATION

If you find that Givaudan has identified a legitimate, non-discriminatory reason for its alleged actions, you must determine whether Plaintiff has proven that this was not the real reason for Givaudan's action and is instead a pretext for discrimination.

Pretext is a lie, specifically a phony reason for some action.  Plaintiff must prove that Givaudan's reason for its alleged actions is false and that retaliation for engaging in protected activity was the real reason.  Plaintiff can prove that a given reason for an employment decision is pretextual in three different ways: (1) by proving that the reason had no basis in fact; (2) by proving that even if the reason had a basis in fact the reason was insufficient to motivate the decision; or (3) by proving that the reason did not actually motivate the decision.

In determining whether Plaintiff has proven pretext, you are not to consider whether Givaudan's reason showed poor or erroneous judgment.  You are not to consider Givaudan's wisdom.  However, you may consider whether Givaudan's reason is merely a cover-up for discrimination.

You may also consider whether Givaudan's reasons are consistent with Givaudan's own policies and rules and whether Givaudan has applied these policies and rules uniformly.  You should also carefully evaluate any subjective reasons Givaudan has asserted for its alleged actions.

Plaintiff has the burden at all times to persuade you by a preponderance of the evidence that Givaudan took action against her because of her protected activity.


Authority:    O'Malley, Grenig & Lee, Fed. Jury Prac. & Instruc., §170.22 (5th ed. 2001) (modified); Devitt, Blackmar, and Wolff, Fed. Jury Prac. & Instruc., §74.08 (4th ed. 1987)(modified); St. Mary's

Honor Ctr. V. Hicks, 509 U.S. 502, 515 (1993); Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 57 (1998); Rabidue v. Osceola Refining Co., 805 F.2d 611 (6th Cir. 1986), cert. denied, 481 U.S. 1041 (1986); Chappelle v. GTE Prod. Corp., 803 F.2d 261, 266 (6th Cir. 1986), cert. denied, 480 U.S. 919 (1987); Russell v. Acme-Evans Co., 51 F.3d 64, 68 (7th Cir. 1995).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 17**

**CONSTRUCTIVE DISCHARGE – RETALIATION**

Plaintiff resigned her job but claims that this was the result of alleged retaliatory acts by Defendant that were so severe that she was constructively discharged.  Defendant claims that the Plaintiff voluntarily resigned after having planned to do so for seven months.

To establish an actionable claim for constructive discharge, Plaintiff must prove by a preponderance of the evidence that Defendant intentionally created an intolerable work atmosphere that forced Plaintiff to quit involuntarily, and that Defendant did so in retaliation for Plaintiff's alleged protected activity and in an attempt to force Plaintiff to quit her job.

Working conditions are "intolerable" if, at the time of Plaintiff's resignation, they are so difficult or unpleasant that a reasonable person in Plaintiff's situation would have felt compelled to resign.

As part of her claim, Plaintiff alleges that had she remained at Givaudan she would have been transferred to a different job.  For a transfer or reassignment to amount to a constructive discharge, its conditions must be objectively intolerable to a reasonable person.  An employee's subjective impressions as to the desirability of one position over another are not relevant.

Authority:      McNamara & Southerland, <u>Federal Employment Jury Instructions</u>, § 1:390 (2000) (modified); 2 O.J.I. § 266.25 (2001) (modified); <u>Kocsis v. Multi-Care Mgmt., Inc.</u>, 97 F.3d 876, 887 (6th Cir. 1996);  <u>Policastro v. Northwest Airlines, Inc.</u>, 297 F.3d 535, 539 (6th Cir. 2002).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 18**

**<u>REASONABLE PERSON</u>**

To determine whether Plaintiff was constructively discharged, you must consider the evidence from the perspective of a reasonable person. This is an objective standard that requires you to look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly-sensitive person. An employee has an obligation not to assume the worst, and not to jump to conclusions too fast.

Authority:    O'Malley, Grenig & Lee, <u>Fed. Jury Prac. & Instruc.</u>, § 171.45 (5th ed. 2001) (modified); <u>Wilson v. Firestone Tire & Rubber Co.</u>, 932 F.2d 510, 515 (6th Cir. 1991).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 19**

**GENDER DISCRIMINATION – TERMS AND CONDITIONS OF EMPLOYMENT**

Plaintiff's second claim alleges gender discrimination in the terms and conditions of her employment with Defendant. To prevail on this claim, Plaintiff must prove that Defendant intentionally discriminated against her because of her gender. "Gender" refers to the quality of being male or female.

The law does not prohibit employers from treating employees unfairly, nor does the law prohibit an employer from making decisions that may seem contrary to good business judgment. An employer may make a subjective judgment to take action for any reason that is not based on gender.

The law prohibits employers from intentionally discriminating against employees with respect to compensation, terms, conditions, or privileges of employment on the basis of gender. If you find that the motivating factor in Defendant's actions toward Plaintiff was because of gender, then you must return a verdict for Plaintiff on her claim of gender discrimination. However, if you find that Plaintiff's gender was not the motivating factor in the decision, you must return a verdict for Defendant on Plaintiff's claim of gender discrimination.

Authority:     Adapted from Wheat v. Dayton Freight, Inc., No. C-1-97-878 (S.D. Ohio, Judge Dlott); McNamara & Southerland, Federal Employment Jury Instructions, § 1:220 (2002) (modified);

## DEFENDANT'S PROPOSED INSTRUCTION NO. 20

## <u>GENDER DISCRIMINATION</u>

The first step in proving her claim of gender discrimination is for Plaintiff to establish a *prima facie* case. To establish a *prima facie* case of gender discrimination, Plaintiff must prove each of the following elements by a preponderance of the evidence:

(1)    That she is a member of a protected group (i.e. female);

(2)    That she suffered an adverse employment action;

(3)    That she was qualified for her job (i.e. she met her employer's legitimate expectations); and

(4)    That she was treated less favorably than a similarly-situated, non-class person because of her gender (i.e. disparate treatment).

If Plaintiff establishes a *prima facie* case, Defendant must then articulate a legitimate, nondiscriminatory reason for its employment decision. Defendant's burden is simply to state a legitimate reason. Defendant need not prove to you that it was a good reason.

If Defendant states such a reason, then Plaintiff may prevail on her gender discrimination claim only if she proves by a preponderance of the evidence that Defendant's stated reason is only a pretext, and that in fact her gender was the real reason for the decision. The same definitions for adverse employment action; legitimate, nondiscriminatory reason; and pretext that were previously set forth apply to this claim as well.

Authority:     Adapted from <u>Wheat v. Dayton Freight, Inc.</u>, No. C-1-97-878 (S.D. Ohio, Judge Dlott); <u>Murphy v. Univ. of Cincinnati</u>, 2003 U.S. App. LEXIS 15319, at **7-12 (6th Cir.).

## DEFENDANT'S PROPOSED INSTRUCTION NO. 21

### **DISPARATE TREATMENT**

To prevail on her claim of disparate treatment, Plaintiff must prove that similarly-situated, non-female employees were treated more favorably than Plaintiff because of her gender. In order to be "similarly-situated," an employee must show that all relevant aspects of his/her employment were similar to those of other comparable individuals, including education and experience, and job duties. You must determine whether a particular aspect is relevant or not.

If you find that Plaintiff has failed to establish this factor, then you must return a verdict for Givaudan.

Authority:    O'Malley, Grenig & Lee, Fed. Jury Prac. & Instruc., §171.20 (5th ed. 2001) (modified); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993); McDonnell Douglas Corp. v. Green, 411 U.S. 712 (1973); Long v. General Motors Corp., 865 F.2d 1268 (6th Cir. 1989); Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 352 (6th Cir. 1998).

## DEFENDANT'S PROPOSED INSTRUCTION NO. 22

## <u>MOTIVATING FACTOR</u>

For Plaintiff to prevail on her claim of gender discrimination, she must prove that Defendant's decision makers were motivated by her gender in their employment practices. A "motivating factor" means a consideration that causes a person to act in a certain way. It is a consideration that played a substantial role in Defendant's decision to deny Plaintiff equal terms, conditions, or privileges of employment.

Plaintiff need not show that her gender was the only consideration that led to Defendant's decision; there may have been more than one factor. Plaintiff must, however, demonstrate that her gender was the determining factor in the decision. A "determining factor" is an important or significant reason for doing something.

The critical inquiry focuses on the moment the employment decision was made. Accordingly, you should focus on what was known to the decision makers at the time of the employment decision.

Authority:    <u>Wheat v. Dayton Freight, Inc.</u>, No. C-1-97-878 (S.D. Ohio, Judge Dlott); McNamara & Southerland, <u>Federal Employment Jury Instructions</u>, § 1:422 (2002) (modified)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 23**

**DEFENDANT'S AFFIRMATIVE DEFENSE – GENDER DISCRIMINATION**

Defendant has raised an affirmative defense to Plaintiff's claim of gender discrimination. If you find that Plaintiff has met her burden of proving the elements of her claim by a preponderance of the evidence, then you must consider whether Defendant has proven its affirmative defense. If you do not find that Plaintiff has proven the elements of her claim, then you must find for Defendant and need not consider Defendant's affirmative defense.

Defendant has the burden of establishing its affirmative defense by a preponderance of the evidence. If you determine that Defendant has met this burden, then your verdict must be for Defendant on this claim.

You must find for Defendant on Plaintiff's claim of gender discrimination if each of the following facts have been proved by a preponderance of the evidence:

(1)    That Defendant exercised reasonable care to prevent and correct promptly any discriminatory conduct in the workplace; and

(2)    That Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant, namely Defendant's harassment and anti-discrimination policy, or to avoid harm otherwise.

Authority:    McNamara & Southerland, Federal Employment Jury Instructions, § 1:982 (2002) (modified); O'Malley, Grenig & Lee, Fed. Jury Prac. & Instruc., § 171.74 (5th ed. 2001) (modified)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 24**

**AGE DISCRIMINATION – THE NATURE OF THE CLAIM**

Plaintiff's third claim alleges age discrimination. Under federal and state law, an employer may not discriminate against any employee because of that employee's age, when the employee is forty years of age or over. Plaintiff claims that Defendant discriminated against her by failing to promote her. Defendant denies these allegations and contends that Plaintiff's age was not a consideration in the decision not to promote her.

Authority:    O'Malley, Grenig & Lee, <u>Fed. Jury Prac. & Instruc.</u>, § 173.01 (5th ed. 2001) (modified)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 25

## <u>AGE DISCRIMINATION – THE ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIM</u>

It is unlawful for an employer to discriminate against an employee because of that person's age.

In order for you to find for the Plaintiff, she must prove by a preponderance of the evidence that Givaudan refused to promote her to a position that she was qualified for and that Plaintiff's age was a determining factor in this decision. Plaintiff need not prove that age was the sole or exclusive motivation for Givaudan's decision. Age is a determining factor if Plaintiff would have been promoted except for her age.

Plaintiff is not required to produce direct evidence of unlawful motive. Discrimination, if it exists, is seldom admitted, but is a fact that you may infer from the existence of other facts.

In deciding whether the Plaintiff's age was a determining factor in Givaudan's decision not to promote her, you should first consider whether Plaintiff has established the following facts:

(1)  That Plaintiff was qualified for the position in question**;**

(2)  That Plaintiff was not selected for this position; and

(3)  That the position was given to a younger person.

If you find that Plaintiff has proven these facts, and Givaudan has not produced a reason other than age for its actions, then you must find for the Plaintiff.

If, on the other hand, Givaudan has produced evidence of a legitimate, nondiscriminatory reason other than age for its actions, you must find for Givaudan, unless you find, considering all of the evidence in the case, that Plaintiff has proven that the reason given by Givaudan was pretextual and therefore not the true reason for the action, or that the Plaintiff's age more likely

than not was a motivating or determining factor in the Givaudan's action. The same definitions for legitimate, nondiscriminatory reason; pretext; and motivating factor, which were previously set forth, apply to this claim as well.

Authority:    O'Malley, Grenig & Lee, <u>Fed. Jury Prac. & Instruc.,</u> § 173.20 (5th ed. 2001) (modified)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 26

## <u>INTENTIONAL INFLICTION OF SERIOUS EMOTIONAL DISTRESS – ELEMENTS</u>

Plaintiff's final claim is that Defendant's alleged conduct constitutes intentional infliction of serious emotional distress. Whenever an individual intentionally or recklessly acts in an extreme and outrageous manner so as to cause serious emotional distress to another, he/she may be held liable for any mental or physical injury caused.

Liability exists only where the acts are so outrageous in character and so extreme in degree that they go beyond all possible bounds of decency and may be regarded as atrocious and utterly intolerable in a civilized community. Mere insults, indignities, or annoyances are not enough. All people are expected to be hardened to a certain amount of rough language or acts that are inconsiderate or unkind. The law does not intervene in every case where feelings are hurt and there is still freedom to express an unflattering opinion. The act must be excessive, wanton, or gross.

To recover for her claim of intentional infliction of serious emotional distress, Plaintiff must prove by a preponderance of the evidence the following elements:

(1)    That Defendant intentionally or recklessly acted in an extreme or outrageous manner;

(2)    That Plaintiff suffered psychic and/or physical injuries;

(3)    That Defendant's actions proximately caused Plaintiff's psychic and/or physical injuries; and

(4)    That Plaintiff's mental anguish was severe and debilitating and of a nature that no reasonable person could be expected to endure.

Authority:    2 O.J.I. § 219.03 (2002) (modified).

-32-

**DEFENDANT'S PROPOSED INSTRUCTION NO. 27**

**INTENTIONAL INFLICTION OF SERIOUS EMOTIONAL DISTRESS – DEFINITIONS**

A person acts "intentionally" when he/she has the conscious objective to produce a specific result. A person intends an act when it is done purposely, not accidentally. The intent with which a person does an act is known only to himself/herself, unless expressed to others or indicated by his/her conduct.

A person acts "recklessly" when, with heedless indifference to the consequences, he/she disregards a known risk that the conduct is likely to cause serious emotional distress.

The law cannot provide damages or protect against all mental anguish. People are required to endure some emotional discomfort. To recover, the Plaintiff must prove by a preponderance of the evidence that the distress was severe and debilitating and that a reasonable person, of normal mental condition, would be unable to deal with such serious mental anguish. The same definition for "reasonable person" as previously set forth applies to this claim as well.

Authority:    2 O.J.I. 219.03 (2002) (modified).

## DEFENDANT'S PROPOSED INSTRUCTION NO. 28

## ELECTION OF FOREPERSON – SPECIAL VERDICT

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court. Forms of special verdicts respecting Plaintiff's claims have been prepared for your convenience. You will take these forms to the jury room.


[Form of special verdict read]


You will note that the Special Verdict Forms call for a "Yes" or "No" answer. The answer to the question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided opposite the question. The foreperson will then date and sign the special verdicts as so completed.

After you have completed your findings as called for by the questions set forth on the special verdicts, you will then return to the courtroom with the completed special verdicts.

If your verdict is for Plaintiff on any of Plaintiff's claims, then the damages portion of the trial will proceed.


Authority:  Devitt and Blackmar, Fed. Jury Prac. & Instruc., §74.05 (4th ed. 1977) (modified).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 29**

**SPECIAL VERDICT FORM I OF IV**

A.     Do you find by a preponderance of the evidence that Plaintiff engaged in protected conduct?

_____ Yes          _____ No

If your answer to Question A is yes, then answer Question B.

If your answer to Question A is no, then STOP, and proceed to SPECIAL VERDICT FORM II.

B.     Do you find by a preponderance of the evidence that Plaintiff was constructively discharged after the protected conduct took place?

_____ Yes          _____ No

If your answer to Question B is yes, then answer Question C.

If your answer to Question B is no, then STOP, and proceed to SPECIAL VERDICT FORM II.

C.     Do you find by a preponderance of the evidence that Givaudan constructively discharged Plaintiff because of her protected conduct?

_____ Yes          _____ No

If your answer to Question C is yes, then answer Question D.

If your answer to Question C is no, then STOP, and proceed to SPECIAL VERDICT FORM II.

D.    Do you find by a preponderance of the evidence that (a) Givaudan exercised reasonable care to prevent and correct discriminatory behavior in the workplace; and (b) Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Givaudan?

_____ Yes          _____ No

PROCEED TO SPECIAL VERDICT FORM II

Authority:    O'Malley, Grenig & Lee, <u>Fed. Jury Prac. & Instruc.</u>, § 171.101 (5th ed. 2001) (modified); McNamara & Southerland, <u>Federal Employment Jury Instructions</u>, § 1:730 (2002) (modified)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 30

## <u>SPECIAL VERDICT FORM II OF III</u>

A.     Do you find by a preponderance of the evidence that Givaudan treated Plaintiff differently/less favorably in the terms and conditions of her employment than similarly situated male employees?

_____ Yes          _____ No

     If your answer to Question A is yes, then continue to the next question.

     If your answer to Question A is no, then STOP, and proceed to SPECIAL VERDICT FORM III.

B.     Do you find by a preponderance of the evidence that Plaintiff's gender was a motivating or determining factor that prompted Defendant's action(s) toward Plaintiff?

_____ Yes          _____ No

     If your answer to Question B is yes, then continue to Question C.

     If your answer to Question B is no, then STOP, and proceed to SPECIAL VERDICT FORM III.

C.     Do you find by a preponderance of the evidence that (a) Givaudan exercised reasonable care to prevent and correct discriminatory behavior in the workplace; and (b) Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Givaudan?

_____ Yes            _____ No

PROCEED TO SPECIAL VERDICT FORM III.

Authority:    O'Malley, Grenig & Lee, <u>Fed. Jury Prac. & Instruc.</u>, § 171.23 (5th ed. 2001) (modified)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 31**

**SPECIAL VERDICT FORM III OF IV**

A.     Do you find by a preponderance of the evidence that Defendant refused to promote Plaintiff to a position for which she was qualified?

_____ Yes          _____ No

If your answer to Question A is yes, then continue to the next question.

If your answer to Question A is no, then STOP, and proceed to SPECIAL VERDICT FORM IV.

B.     Do you find by a preponderance of the evidence that Plaintiff's age was a motivating or determining factor that prompted the Defendant to take that action?

_____ Yes          _____ No

PROCEED TO SPECIAL VERDICT FORM IV.

Authority:     O'Malley, Grenig & Lee, <u>Fed. Jury Prac. & Instruc.</u>, § 171.81 (5th ed. 2001) (modified).

## DEFENDANT'S PROPOSED INSTRUCTION NO. 32

## <u>SPECIAL VERDICT FORM IV OF IV</u>

A.     Do you find by a preponderance of the evidence that Defendant intentionally or recklessly engaged in extreme and outrageous behavior that was beyond all possible bounds of decency and regarded as atrocious and utterly intolerable in a civilized community?

_____ Yes          _____No

If your answer to Question A is yes, proceed to Question B.  If your answer to Question A is No, do not proceed to Question B.

B.     Do you find by a preponderance of the evidence that Defendant's conduct caused Plaintiff to suffer severe and debilitating emotional distress?

_____ Yes          _____No

Authority:     2 O.J.I. § 219.03 (2002); 1 O.J.I. § 23.71 (2002) (modified).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing Defendant Givaudan Flavors Corp.'s Proposed Jury Instructions and Special Verdict Forms was served upon Counsel for Plaintiff, David Torchia, Tobias, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut, Cincinnati, Ohio 45202, by hand-delivery on this 5 day of September, 2003.

Jeffery L. VanWay