UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JENNIFER KAPPLER | : | Case No. C-1-01-630 |
| Plaintiff | : | |
| | : | Judge Speigel |
| vs. | : | |
| GIVAUDAN FLAVORS CORP. | : | AFFIDAVIT OF |
| | : | **DAVID TORCHIA** |
| Defendant | : | |

1.   I am David Torchia, counsel for the plaintiff.

2.   I was admitted to the practice of law in Ohio in 1984 and am a member of the Ohio State Bar Association. I was admitted to the Southern District of Ohio in 1984; the Federal Circuit Court of Appeals in 1988; and the Sixth Circuit Court of Appeals in 1990.

3.   Since 1984, I have spent 100% of my time representing individuals in employment-related matters. I have been a partner with the firm of Tobias, Kraus & Torchia since 1990.

4.   I am "AV" rated by Martindale Hubble. I have been listed in every edition of The Best Lawyers in America since 1997. I was recently recognized as one to the top plaintiff's employment attorneys in the state of Ohio by Chambers & Partners, in Chambers USA America's Leading Business 2003-2004. I am co-author of Litigating

1

<u>Chambers USA</u> <u>America's Leading Business 2003-2004</u>.  I am co-author of <u>Litigating Wrongful Discharge Claims</u>, Callaghan 1984.  I have made several presentations times over the past 18 years at various seminars on many different employment related topics.  I served a Chair for the Cincinnati Bar Association's Civil Rights Committee in 1998 and 1999.  I am also on the Executive Board of the Cincinnati Employment Lawyer's Association.

5.     My time records reflect that I spent a total of 245 hours on this case through September 6, 2003. This case was vigorously defended. The parties identified several witnesses. Plaintiff took ten depositions. Plaintiff's deposition was taken over the course of two days. There were thousands of pages of documents exchanged by the parties. Defendant filed a comprehensive motion for summary judgment. Plaintiff's response required several hours of research and included the review of several deposition transcripts. Defendant's motion was denied and substantial hours have recently been devoted to trial preparation and related matters.

6.     In 1983, Judge Rubin impaneled an <u>ad hoc</u> committee to study the average hourly fees charged by attorneys in the greater Cincinnati area.  A copy is attached.

7.     Under the 1983, study, I would qualify as an "intermediate partner."  The 1983 rate for intermediate partners was $113.43.  Using a 4% cost of living adjustment to that rate for the years 1984-2003 yields an adjusted hourly rate of $256.85.

8.     I rarely represent clients on an hourly basis. When I do, it is typically to negotiate severance agreements or to consult on matters not yet in litigation. My current

rate for representation in those matters is $225.00 per hour.

9. I am requesting compensation in this case at the rate of $250 per hour because it is consistent with the market rate for attorneys of similar experience and is in accordance with the study conducted by Judge Rubin. I am further requesting a total fee award in the amount of $50,000. This figure is less than the amount that would result from multiplying the total number of hours by an hourly rate of $250.

Further Affiant Sayeth Naught.

_David Torchia_
David Torchia

Sworn to and subscribed in my presence this 7TH day of September, 2003.

_____
Notary Public, State of Ohio

DAVID D. KAMMER, Attorney at Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration
date, Section 147.03 O.R.C.